# KNAPP *v.* MILWAUKEE TRUST COMPANY, TRUSTEE OF THE ESTATE OF STANDARD TELEPHONE & ELECTRIC COMPANY, BANKRUPT.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 206. Submitted January 10, 1910.—Decided March 7, 1910.

An intervention to establish his lien by a mortgagee in a petition by the trustee to sell property of the bankrupt is a controversy arising in a bankruptcy proceeding within the meaning of the Bankruptcy Act and the procedure under § 24*a* is the same as under Court of Appeals Act of 1891. General Order No. XXXVI adopted under authority of § 24*b* does not apply in such a case and no special findings of fact are required.

Under the law of Wisconsin, as construed by the highest court of that State, a mortgage of personal property is not valid as against creditors unless the possession be given to, and retained by, the mort-

gagee, or the mortgage be filed; nor can a mortgagor appropriate proceeds of sale of the mortgaged property to his own use. *Held* that the mortgages in this case, even in the absence of intentional bad faith, are fraudulent in law and void as to creditors.

Although the trustee stands in the shoes of the bankrupt, and takes the property subject to equities impressed on it while in the bankrupt's hands, he can attack a pledge which is so void as against creditors that the property could have been levied on and sold under judicial powers against the bankrupt at the time of the adjudication.

Provisions in a mortgage for the retention and use of the mortgaged property by the mortgagor which are prohibited by the law of the State render the conveyance fraudulent in law, even in the absence of intent, and as conclusively permit the trustee to attack it as though the mortgage were fraudulent in fact and intent existed.

The fact that a trustee might by suit against other parties collect enough to pay creditors is not a bar against setting aside a fraudulent conveyance on the entire property of the bankrupt in his hands.

162 Fed. Rep. 675.

THE facts are stated in the opinion.

*Mr. William Duff Haynie* for appellant:

The mortgages were good against the bankrupt at the date of adjudication.

The mortgagee had the legal title from the date of execution. *Ill. T. & S. Bank* v. *Stewart*, 119 Wisconsin, 54. The mortgagee had the right of possession after default. *Smith* v. *Konst*, 50 Wisconsin, 360; *Frisbee* v. *Langworthy*, 11 Wisconsin, 376. The mortgagee under certain circumstances may still retain his right to possession as though the possession was with the mortgagor. *Sexton* v. *Williams*, 15 Wisconsin, 320; *Humphrey* v. *Tatman*, 198 U. S. 91, 94. And so it is under the present bankrupt act. *Fisher* v. *Zollinger*, 149 Fed. Rep. 54; *Re Coffin*, 152 Fed. Rep. 381.

At the date of adjudication the mortgages could not have been attacked by the bankrupt, or any of its creditors, or by their trustee in bankruptcy, for any non-filing. *Bailey* v. *Costello*, 94 Wisconsin, 87; *Ullman* v. *Funcan*, 78 Wisconsin, 213; *Eastman* v. *Parkinson*, 133 Wisconsin, 375. A failure

to comply with § 2316b cannot be urged by the trustee in bankruptcy where there is no actual fraud.

At the date of adjudication, these creditors, under the law of Wisconsin, were not entitled to have these conveyances set aside as fraudulent. *North Hudson Bldg. & Loan Assn.* v. *Childs,* 86 Wisconsin, 292; *Hyde* v. *Chapman,* 33 Wisconsin, 391; *Turner* v. *Pierce,* 34 Wisconsin, 665; *Mueller* v. *Bruss,* 112 Wisconsin, 406, distinguished; *Thompson* v. *Fairbanks,* 196 U. S. 516, 525; *Skilton* v. *Codington,* 185 U. S. 80; *Southard* v. *Benner,* 72 N. Y. 424, are New York cases under a statute; there is no such statute in Wisconsin.

The chattel mortgage statute of Wisconsin does not apply to telephone companies; the same rules apply to them as to railroad companies, and there does not seem to be any special provision for the mortgage of telephone property outside of § 1780c to show that the statute has put the mortgages of all the corporations mentioned in a class distinct from those contemplated by § 2310. *Pierce* v. *St. P. & M. R. R. Co.,* 24 Wisconsin, 551, distinguished; *Chynoweth* v. *Tenney,* 10 Wisconsin, 341. Chattel mortgage statutes are inapplicable to ordinary railroad mortgages. *Hammock* v. *Loan & Trust Co.,* 105 U. S. 77; *Southern Cal. Motor-Road Co.* v. *Union Loan & Trust Co.,* 64 Fed. Rep. 450; *Farmers' L. & T. Co.* v. *Detroit R. R. Co.,* 71 Fed. Rep. 29. There is no decision in Wisconsin on this point. *Livingston* v. *Littell,* 15 Wisconsin, 239; *Rommerdahl* v. *Jackson,* 102 Wisconsin, 144. This is also the rule in the bankruptcy court. *Union Trust Co.* v. *Bulkeley,* 150 Fed. Rep. 510.

After-acquired property was brought under the mortgages. See § 1780c. *Wisconsin Telephone Co.* v. *Oshkosh,* 62 Wisconsin, 32, held that the word "telegraph" embraces within its meaning the narrower word "telephone." See § 1791b, *supra; Funk* v. *Paul,* 64 Wisconsin, 35. The mortgage of after-acquired property is good against the mortgagor's trustee in bankruptcy. *Fisher* v. *Zollinger,* 149 Fed. Rep. 54; *Union Trust Co.* v. *Bulkeley,* 150 Fed. Rep. 510;

*Mitchell* v. *Winslow*, 2 Story, 630. These mortgages did not grant to this corporation any use of its property which it was not authorized by its charter to make, and they are not fraudulent or void. *Place* v. *Langworthy*, 13 Wisconsin, 704, distinguished, as there the support of the mortgagor and his family was for an indefinite period. *Steinart* v. *Deuster*, 23 Wisconsin, 136; *Blakeslee* v. *Rossman*, 43 Wisconsin, 116; *Anderson* v. *Patterson*, 64 Wisconsin, 557; *Bank* v. *Lovejoy*, 84 Wisconsin, 601; *Bank of Kaukauna* v. *Joannes*, 98 Wisconsin, 321; *Franzke* v. *Hitchon*, 105 Wisconsin, 11; *Durr* v. *Wildish*, 108 Wisconsin, 401, in which the mortgages were held void under § 2310, can be distinguished from this case.

There is no rule of decision in the state court under which these mortgages can be held to be fraudulent and void. Whether or not they are fraudulent and void is a question of evidence under §§ 2310 and 2323, a question "of fact and not of law;" each case is *sui juris*. See *Griswold* v. *Nichols*, 126 Wisconsin, 401; *Densmore Co.* v. *Shong*, 98 Wisconsin, 380; *Griswold* v. *Nichols*, 117 Wisconsin, 267.

The bonds were executed and delivered for a valuable consideration. Rev. Stat., § 721, is not applicable to proceedings in equity. *Bucher* v. *Cheshire R. R. Co.*, 125 U. S. 555; *Wade* v. *Travis Co.*, 174 U. S. 499, 508.

These mortgages were specially authorized by the legislature, as appears by §§ 1780c and 1791b. The effect of these sections has not been determined by the Supreme Court of Wisconsin.

Section 70e of the bankrupt act supplants the statute or the rule of policy in Wisconsin, whatever it may be, and requires actual, intentional fraud on the part of the mortgagee. *Coder* v. *Arts*, 213 U. S. 223.

The questions involved in this case are as much questions of commercial law and general jurisprudence as they are of a rule of property in Wisconsin, and, therefore, any Wisconsin rule that may exist is not binding upon the Federal courts. *Burgess* v. *Seligman*, 107 U. S. 20.

The trustee in bankruptcy should have alleged and proved—which it did not do—that the creditors did not have the knowledge or the time to question the validity of these mortgages prior to the bankruptcy. *Rogers* v. *Van Nortwick*, 87 Wisconsin, 414, 431; *Hamilton* v. *Quarry Co.*, 106 Wisconsin, 352; *Graham* v. *Railroad Co.*, 102 U. S. 148, 154.

The trustee in bankruptcy should have shown—which it did not do—that there were no other available assets or funds out of which the claims of creditors could be satisfied. *Mueller* v. *Bruss*, 112 Wisconsin, 406. The creditors are represented by the trustees in bankruptcy. *Viaquesney* v. *Allen*, 131 Fed. Rep. 21.

The owner of these bonds is a *bona fide* purchaser within the meaning of § 70*e* of the bankruptcy act. *Croft* v. *Bunster*, 9 Wisconsin, 503 (457); *P. & S. R. R. Co.* v. *Thompson*, 103 Illinois, 187. See *Mercer County* v. *Hacket*, 1 Wall. 83; *Pine Grove* v. *Talcott*, 19 Wall. 666.

This telephone company, under its charter powers was as much a public service corporation as a railroad company, and it was in fact operating a telephone exchange at Sheridan, Wisconsin, at the time it was thrown into bankruptcy.

*Mr. George P. Miller* and *Mr. Edward P. Vilas* for appellees:

The appeal should be dismissed for failure to comply with clause 3, General Order in Bankruptcy XXXVI. The decree is not appealable.

The agreement permitting the retention of possession by the mortgagor, the sale of the mortgaged property, and the application of the avails thereof to the mortgagor's own use invalidates the mortgage.

The Wisconsin Supreme Court holds that a chattel mortgage which upon its face stipulates that the mortgagor may retain possession of the mortgaged property, sell and dispose of the same in the usual course of business, and appropriate any part of such proceeds to his own use and benefit, is fraudulent and void as to creditors, and that, even where the

provision does not appear upon the face of the mortgage, but rests upon a contemporaneous agreement, express or implied, in parol or in writing, to such effect, the mortgage is likewise rendered fraudulent and void as to creditors. *Place* v. *Langworthy*, 13 Wisconsin, 629; *Steinart* v. *Deuster*, 23 Wisconsin, 136; *Blakeslee* v. *Rossman*, 43 Wisconsin, 116; *Anderson* v. *Patterson*, 64 Wisconsin, 557; *Bank* v. *Lovejoy*, 84 Wisconsin, 601, 611; *Bank of Kaukauna* v. *Joannes*, 98 Wisconsin, 321; *Baumbach Co.* v. *Hobkirk*, 104 Wisconsin, 489; *Franzke* v. *Hitchon*, 105 Wisconsin, 11, 13; *Durr* v. *Wildish*, 108 Wisconsin, 401; *In re Antigo Screen Door Co.*, 123 Fed. Rep. 249; *Security Warehousing Co.* v. *Hand*, 206 U. S. 415; *Zartman* v. *First National Bank*, 189 N. Y. 267; *S. C.*, 19 A. B. R. 27; *Eastman* v. *Parkinson*, 133 Wisconsin, 375.

The mortgagor in possession cannot be given the benefits of unincumbered property, while the creditors are prevented by reason of the mortgage from collecting their claims. This vice in the instrument is as potent, so long as the mortgagor is in actual possession, whether or not the right of possession be in the mortgagee. *Missinskie* v. *McMurdo*, 107 Wisconsin, 578; *Silkman Lumber Co.* v. *Hunholz*, 132 Wisconsin, 610; *Brewing Co.* v. *Lockery*, 134 Wisconsin, 81, 82.

It is urged that general creditors and the trustee in bankruptcy representing only such creditors cannot assert this invalidity.

The Supreme Court of Wisconsin recognizes this right in the trustee and is justified in so doing by the decisions of the Federal courts. *In re Antigo Screen Door Co.*, 123 Fed. Rep. 249; *Security Warehousing Co.* v. *Hand*, 206 U. S. 415; *Mueller* v. *Bruss*, 112 Wisconsin, 406; *Durr* v. *Wildish*, 108 Wisconsin, 401; *Russell* v. *St. Mart*, 180 N. Y. 355; *Re Garcewich*, 115 Fed. Rep. 87; *Mitchell* v. *Mitchell*, 147 Fed. Rep. 280.

This mortgage was not valid as to creditors. They were prevented by the bankruptcy from proceeding to avoid it. It could have been levied upon and sold under judicial process

against this bankrupt. *In re Bement,* 172 Fed. Rep. 98; *In re Rodgers,* 125 Fed. Rep. 169; *Fourth St. Nat. Bank* v. *Milbourne Mills Co.'s Trustee,* 172 Fed. Rep. 177; and see *Hewit* v. *Berlin Machine Works,* 194 U. S. 296.

It is not necessary that the trustee should show that there are not other available assets before this invalidity can be asserted.

The failure by the creditors to assert the invalidity cannot be construed as acquiescence. *Blakeslee* v. *Rossman,* 43 Wisconsin, 116.

The mortgage is void as to after-acquired property, book accounts, contracts and choses in action. *Farmers' Loan & Trust Co.* v. *Commercial Bank,* 11 Wisconsin, 207; *Dinsmore* v. *R. & M. R. R. Co.,* 12 Wisconsin, 649; *Swift* v. *Cornes,* 20 Wisconsin, 397, 398; *Moury* v. *White,* 21 Wisconsin, 417; *Chynoweth* v. *Tenney,* 10 Wisconsin, 397; *O'Neil* v. *Wm. B. H. Kerr Co.,* 124 Wisconsin, 234; *Zartman* v. *First National Bank,* 189 N. Y. 267.

Constructive possession is forbidden by § 2310, Wisconsin Stats. There must be the *indicia* of change of possession. *Schneider* v. *Kraby,* 97 Wisconsin, 519; *Missinskie* v. *Mc-Murdo,* 107 Wisconsin, 578; *Silkman Lumber Co.* v. *Hunholz,* 132 Wisconsin, 710; *George Walter Brewing Co.* v. *Lockery,* 134 Wisconsin, 81.

Failure to file the affidavits of renewal and the statements required by the Wisconsin statutes after the sale of stock in trade renders the mortgage void as to general creditors and the trustee in bankruptcy. *Mueller* v. *Bruss,* 112 Wisconsin, 406; *Jackman* v. *Eau Claire Nat. Bank,* 125 Wisconsin, 465; *Skilton* v. *Coddington,* 185 N. Y. 80; *S. C.,* 15 A. B. Rep. 810; *In re Shireley,* 112 Fed. Rep. 301; *In re H. G. Andrae Co.,* 117 Fed. Rep. 561; *Chesapeake Shoe Co.* v. *Seldner,* 122 Fed. Rep. 593; *In re Ducker,* 134 Fed. Rep. 43; *In re Beebe,* 138 Fed. Rep. 441, 454; *Bradley, Alderson & Co.* v. *McAfee,* 17 A. B. Rep. 495; *S. C.,* 149 Fed. Rep. 254; *Mitchell* v. *Mitchell,* 17 A. B. Rep. 382; *S. C.,* 147 Fed. Rep. 280.

Mr. Justice Day delivered the opinion of the court.

The Standard Telephone and Electric Company, a Wisconsin corporation, was adjudicated a bankrupt in the District Court of the United States for the Eastern District of Wisconsin. Under its articles of association it was authorized to carry on the business of selling appliances for telephone purposes and operating telephone exchanges. It had established and was operating a telephone exchange at the village of Sheridan, Wisconsin, and was carrying on the business of manufacturing and selling telephone apparatus in the city of Milwaukee, Wisconsin, where it had a stock in trade and trade fixtures. The trustee in bankruptcy filed a petition to sell all the property of the bankrupt. Appellant Knapp, as trustee of certain mortgages, given by the telephone company, intervened, and asked to have the lien of the mortgage established as the first lien on the property and satisfied out of the proceeds of the sale. The property was sold, and the question is as to the lien of these mortgages upon the fund.

The trustee in bankruptcy answered the petition of Knapp, trustee under the mortgage, averring that it was a chattel mortgage, and fraudulent and void as to creditors, because of certain agreements contained therein, because it was on after-acquired property, and because of the failure to file an affidavit of renewal as required by the Wisconsin statutes. The referee in bankruptcy found the facts, and held the mortgage void. Upon hearing, the District Judge reached a like conclusion. 157 Fed. Rep. 106.

The Circuit Court of Appeals of the Seventh Circuit upon appeal affirmed the decree of the District Court, holding the mortgage void for the reasons set forth at large in the opinion of the District Judge. 162 Fed. Rep. 675.

A motion has been filed to dismiss the appeal for want of findings of fact and conclusions of law in the Circuit Court of Appeals, as required by General Order in Bankruptcy XXXVI. Whether or not such a finding of facts was required depends

upon the character of the present proceeding. General Order in Bankruptcy XXXVI, authorized under subdivision *b* of § 25 of the Bankruptcy Act, provides for appeals under the act to this court from the Circuit Court of Appeals within thirty days after the judgment or decree, and for the making and filing of a finding of facts and conclusions of law separately stated, and that the record upon such appeal shall consist only of the pleadings, the judgment or decree, the finding of facts, and conclusions of law.

Section 25*b* provides for appeals from any final decision of a Court of Appeals allowing or rejecting a claim under the act, under such rules and within such time as may be prescribed by the Supreme Court of the United States. Such appeals are allowed when the amount in controversy exceeds the sum of $2,000, and the question involved might have been taken by appeal or writ of error from the highest court of a State to the Supreme Court of the United States; or where some Justice of the Supreme Court of the United States shall certify that, in his opinion, the determination of the question or questions involved in the allowance or rejection of such claim is essential to a uniform construction of the Bankruptcy Act throughout the United States.

Under authority of subdivision *b*, § 25, General Order XXXVI was adopted, and in the cases enumerated a finding of facts and conclusions of law must be made in the Circuit Court of Appeals, and the appeal taken within thirty days after the entry of the judgment or decree.

The case at bar is not of that class; it is an intervention in a bankruptcy proceeding, and, within the meaning of the act, a controversy arising in a bankruptcy proceeding, and the appellate jurisdiction is the same as in like cases under the Court of Appeals Act. Bankruptcy Act, § 24*a; Hewit* v. *Berlin Machine Works,* 194 U. S. 296; *Coder* v. *Arts,* 213 U. S. 223, and cases therein cited.

As the appeal was in the manner provided for in the Court of Appeals Act no special finding of facts was required under

General Order XXXVI, and the motion to dismiss the appeal must be overruled.

The mortgages in question, which were upon all the property and estate of the mortgagor, acquired, or to be acquired in connection with or in relation to the business of the mortgagor, contain, among others, the following provisions:

"Nothing herein contained shall be construed to prevent said first party from carrying on, in the due and regular course, its said business, and collecting the indebtedness and moneys due or to become due therein and applying the same to its own use, except as hereinafter provided."

The mortgage makes provision for a sinking fund of $2,000 annually, $500 quarterly, out of the proceeds of the business, or, if necessary, from the general resources; and the mortgage contains this further provision:

"Said first party further agrees that no dividend shall be declared or paid on its capital stock at any time when any portion of said sinking fund or the interest on said bonds shall not have been duly provided for according to the terms of this indenture.

"*Provided, however,* That said trustee be and he is hereby empowered and authorized in his discretion, and in case he does not procure for the sinking fund any of said bonds at par and accrued interest, upon application in writing by said first party to waive the making by said party of full or any payment into or provision for said sinking fund for any quarter year, and in the event of said trustee electing not to require said first party to make such payment into or provision for such sinking fund, the moneys which would otherwise have been placed therein for the purchase of said bonds as aforesaid shall remain at the disposition of said first party, to be divided as dividends, or to enlarge, extend, improve, repair, renew, or rehabilitate its said described business and property."

It will be seen that under these provisions the mortgagor is allowed to remain in possession of the property, applying the proceeds thereof to his own use, except that no dividends shall

be declared or paid without first making provision for the sinking fund and the interest on the bonds, and with this important proviso—that the trustee under the mortgage may, in his discretion, in case he does not procure for the sinking fund bonds at par and accrued interest, upon the application of the mortgagor, waive the payment into or provision for the sinking fund for any quarter year, and, in such case, the moneys which would otherwise go into the sinking fund for the purchase of bonds shall remain at the disposition of the mortgagor, to be distributed as dividends, or to be used for the benefit of the business and property in the manner described.

Section 2310, Wisconsin statutes, provides:

"Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or the creditors of the person making such assignment or subsequent purchasers in good faith, and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the person claiming, under such sale or assignment, that the same was made in good faith and without any intent to defraud such creditors or purchasers."

Section 2313 provides that no mortgage or sale of personal property shall be valid against any other persons than the parties thereto, unless the possession of the mortgaged property be delivered to and retained by the mortgagee, or, unless the mortgage, or a copy thereof, be filed as required by the statute, except as otherwise provided therein.

Section 2316*b* provides that a mortgagor in possession of a stock of goods, from which he is permitted to make sales and apply the proceeds upon the debt, shall file a statement showing the amount of sales, amount applied on mortgage and amount of new stock bought every sixty days, and, upon his failure to file such statement, the debt shall become immedi-

ately due, and after fifteen days the mortgage shall cease to be a lien, except between the parties thereto.

It was found as a matter of fact that no statement was filed of the amount of the sales, amount of new stock bought, amount applied on mortgage, etc., every sixty days, as required by the Wisconsin statute, § 2316b; that since the execution of the mortgage the company, in the course of its business, made sales from the mortgaged property and applied the proceeds to its own use; that the property was in possession of the mortgagor; that Knapp, the trustee, knew that the business was being so transacted; that it was understood that the business should be so transacted and sales of the mortgaged property so applied to the mortgagor's use.

While there was a finding that no intentional bad faith was shown, still we agree with the Court of Appeals and the District Judge that, under the law of Wisconsin, as construed by her highest court, such conditions as were contained in these mortgages rendered them fraudulent in law and void as to creditors. *Merchants & Mechanics Bank* v. *Lovejoy*, 84 Wisconsin, 601; *Bank of Kaukauna* v. *Joannes*, 98 Wisconsin, 321; *Baumbach Co.* v. *Hobkirk*, 104 Wisconsin, 488; *Franzke* v. *Hitchon*, 105 Wisconsin, 11; *Durr* v. *Wildish*, 108 Wisconsin, 401.

In this case the stipulations of the mortgages practically permitted the mortgagor to dispose of the property for his own benefit, except that it must make certain provisions for a sinking fund and interest on the bonds; and, with the consent of the trustee, no provision need be made for the sinking fund, or interest, and the moneys which otherwise would have been placed therein for the purchase of bonds might be applied for the benefit of the mortgagor, whether as dividends or for the benefit of its business and property. Such provisions are clearly within the Wisconsin decisions, for they permit the mortgagor to have the benefit of the property, to keep it in his possession, and to appropriate the proceeds to his own use. The Wisconsin decisions render such mortgages invalid as to creditors, because the effect of such provisions is to give the

beneficial use of the mortgaged property to the mortgagor in possession, and to make possible the use of the mortgage as a protection against creditors of the mortgagor when they shall undertake to assert their rights.

But it is said the trustee in bankruptcy may not defend against these mortgages. It is contended that they are good as between the parties, and that as to them the trustee in bankruptcy occupies no better position than the bankrupt. This question was raised and decided in *Security Warehousing Co.* v. *Hand,* 206 U. S. 415. That case arose in Wisconsin, and it was therein held that, under the Wisconsin law, an attempted pledge of property, without change of possession, was void under the laws of that State. In that case, as in this one, the question was raised as to whether the trustee in bankruptcy could question the transaction, and it was contended that, being valid as between the parties, the trustee took only the right and title of the bankrupt. The question was fully considered therein, and the previous cases in this court were reviewed. The principle was recognized that the trustee in bankruptcy stands in the shoes of the bankrupt, and that the property in his hands is subject to the equities impressed upon it while in the hands of the bankrupt.

But it was held that the attempt to create a lien upon the property of the bankrupt was void as to general creditors under the laws of Wisconsin. Applying § 70*a* of the Bankruptcy Act, it was held that the trustee in bankruptcy was vested by operation of the bankrupt law with the title of the property transferred by the bankrupt in fraud of creditors, and also that the trustee took the property which, prior to the filing of the petition, might have been levied upon and sold by judicial process against the bankrupt. It was therefore held that as there had been no valid pledge of the property, for want of change of possession, it could have been levied upon and sold under judicial process against the bankrupt at the time of the adjudication in bankruptcy and passed to the trustee in bankruptcy.

The principles announced in *Security Warehousing Co.* v. *Hand*, 206 U. S. 415, when applied to the present case are decisive of the question here presented. Under the Wisconsin statutes and decisions of the highest court of that State the conditions contained upon the face of this mortgage were such as to render it fraudulent in law and void as to creditors, and prior to the filing of the petition in bankruptcy the property might have been levied upon and sold by judicial process against the bankrupt.

It is true that in *Security Warehousing Co.* v. *Hand* the court said that the attempted pledge was a "mere pretense, a sham;" but the courts of Wisconsin have held that such provisions as are in these mortgages, giving the bankrupt the right to dispose of the mortgaged property for its own benefit, rendered the conveyance fraudulent in law, and therefore void as to creditors. This brings the conveyance within the terms of the Bankrupt Act, as one which the trustee may attack, as conclusively as it would if fraudulent intent in fact were shown to exist.

In *Mueller* v. *Bruss*, 112 Wisconsin, 406, it was held that a trustee in bankruptcy could maintain an action to set aside a fraudulent conveyance, but that the complaint must aver and the trustee must show that the estate had not sufficient assets in the trustee's hands to satisfy the claims filed against the debtor. And, it is insisted, that a showing of this character is lacking in the present case. Without deciding that under the Bankruptcy Act the answer of the trustee in bankruptcy was required to make this averment, accompanied by proof if necessary, it is sufficient upon this point to say that the intervening petition of the trustee of the mortgage sought to assert a lien upon all the property of the bankrupt in the trustee's hands. The suggestion in appellant's brief, that the trustee in bankruptcy may possibly recover against directors and officers of the corporation for dereliction of duty, and against stockholders for unpaid subscriptions and additional liability on their part, presents no reason why he may not resist an

attempt to take all the available property in his hands to apply on a mortgage void as to creditors at the time of the adjudication.

We are of opinion, for the reasons stated, that the mortgages in question are void, and that under the Bankruptcy Law the trustee can assert their invalidity.

*Judgment affirmed.*