RITCHIE COUNTY BANK et al. v. McFARLAND et al.

(Circuit Court of Appeals, Fourth Circuit. November 14, 1910.)

No. 947.

1. BANKRUPTCY (§ 440*)—REVIEW—PETITION TO REVISE.

Where the validity of a trust deed given by a bankrupt more than four months prior to the institution of bankruptcy proceedings, as against other creditors, arises in bankruptcy proceedings in determining the priority of claims, an order holding the trust deed invalid is reviewable on a petition to superintend and revise, and need not be taken up by appeal.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. CHATTEL MORTGAGES (§ 185*)—POSSESSION BY MORTGAGOR.

Under the West Virginia law, where property of a transitory character, subject to changes in the use and handling thereof, was conveyed by a deed of trust to secure a debt, and yet left in the hands of the grantor, who was authorized to control and sell the same at will, the conveyance was void as an entirety, though it also covered other property of a permanent nature.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 367, 369–371; Dec. Dig. § 185.*]

Petition to Superintend and Revise, in Matter of Law, Proceedings in the District Court of the United States for the Northern District of West Virginia, at Parkersburg, in Bankruptcy.

In the matter of the Elletson Company, bankrupt. Proceedings by the Ritchie County Bank and others against R. L. McFarland, trustee in bankruptcy of the Elletson Company, and another, to establish priority under a certain deed of trust. From an order of the District Court (174 Fed. 859), reversing a referee's order holding the deed of trust valid in part only, petitioners prosecute a petition to superintend and revise. Affirmed.

See, also, 183 Fed. 718.

Sherman Robinson, for petitioners.

Smith D. Turner and C. D. Merrick, for respondents.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. This case is now before the court upon a petition to superintend and revise, in matter of law, proceedings of the District Court of the United States for the Northern District of West Virginia, at Parkersburg. The respondents herein have moved the court to dismiss this petition to superintend and revise, for the reason that the relief sought, if obtainable, must be by an appeal; but after mature consideration of the same we are of opinion, for the reasons stated by this court in the case of Morgan v. First National Bank of Mannington, 145 Fed. 466, 468, 469, 76 C. C. A. 236, that the motion should be denied.

On the 4th day of February, 1909, a petition in involuntary bank-

ruptcy was filed against the Elletson Company, formerly known as the Elletson-Carver Company, and upon due proceedings had the company was thereafter duly adjudged an involuntary bankrupt, and the respondent R. L. McFarland was elected and qualified as trustee of the bankrupt's estate. Some years prior to the bankruptcy, to wit, on the 15th day of February, 1905, the Elletson-Carver Company executed a trust deed to George H. Carver, trustee, upon its job printing outfits, machinery, type, presses, paper cutters, cases, racks, galleys, etc., also its machinery and appliances used in connection with its book bindery, "together with all the stock of furnishings, fixtures, and materials of whatsoever nature or use in the sales room, stock room, bindery room, or composing room, together with all stock of books, paper, stationery, office supplies, furnishings, and fixtures, to include every and all item or items of whatsoever kind and whatever nature used in and about or now in and upon the premises known as No. 231 Third street, in the F. R. Rose Building, it being the intention of this deed of trust to convey every and all appliances, attachments, furniture, fixtures, and machinery of all kinds and character, together with the attachments thereof and every part of the equipment, furnishings, and fixtures used in and about the conducting of the business known as the Elletson-Carver Company, now in or upon the premises, together with all accounts then due the Elletson-Carver Company, or the Elletson-Carver Company as assignee of the Elletson Printorium, Will A. Elletson, proprietor, it being all the property of every kind, character and description, together with the books, accounts, lease, furniture, fixtures, and stock now on hand of the said the Elletson-Carver Company," to secure E. M. Carver five certain negotiable notes, aggregating $12,000, said notes maturing on or before June 1, 1905, September 1, 1905, November 1, 1905, January 1, 1906, and March 1, 1906, and all payable at the Ritchie County Bank. The trust deed provided that on default in the payment of any of said notes, or any installment of interest, or the rent of the premises, or insurance upon the property which was required to be kept up for the benefit of the note holder, that the trustee, upon the request of the said E. M. Carver, or of his lawful assignee, should advertise and sell for cash all the property mentioned in this trust deed, or which might be and belong to the Elletson-Carver Company. The first two of these notes were paid, and the others remained unpaid at the time of the bankruptcy, and between the time of the execution of the trust on the 1st of February, 1905, and the 4th of February, 1909, the date of filing the petition in bankruptcy, the trustee did not take possession of the property conveyed, and the debtor, the bankrupt herein, continued in the undisturbed possession and control thereof, and carried on the business of manufacturing and binding blank books, job printing, selling stationery, etc., buying and selling as is usual in the conduct of such business.

In the progress of the administration of the bankrupt's estate, the petitioner herein, the Ritchie County Bank, presented and filed before the referee a claim of $6,400, based upon three notes remaining unpaid, and secured under the trust deed aforesaid. To the allowance of this debt as a preferred claim the trustee in bankruptcy excepted,

and insisted that the trust deed under which the notes for $6,400 were secured was fraudulent in fact and in law; the contention being that upon its face the conveyance was void, as it sought to give a lien upon a shifting stock of merchandise, and other personal property of a character subject to constant change and absorption in the use thereof, that it was manifest it was not intended that the trustee under the deed should actually possess himself of the property conveyed, and that, in reality, the alleged conveyance thereof was intended as a protection of the property for the debtor, and not a security for the creditors. Upon appropriate proceedings had before the referee, and the hearing of testimony, he determined that the lien was good as to all the property conveyed therein "except the stock of goods in the stationery and binding departments, the former of which was sold by the trustee in bankruptcy for $750 and the latter for $350," being what remained thereof at the time of the bankruptcy, and ordered that said debt be paid from the proceeds of the property conveyed other than the two items mentioned. To this decision the respondent here, the trustee in bankruptcy, excepted, and asked that the action of the referee in the premises be revised by the District Court. Thereupon, upon review of the action of the referee, the District Court reversed his finding, holding the deed to be void in toto, and from this decision, rendered on the 3d day of December, 1909, the proceeding here was inaugurated.

The learned judge of the District Court, in an able and elaborate opinion (174 Fed. 859), reviewed the facts and discussed the law applicable to the case. After careful consideration, we concur in and adopt the conclusions reached by him. In our view, it is entirely clear under the decisions of the state of West Virginia, as announced in the recent case in the Supreme Court of Appeals of that state of Gilbert v. Peppers, 65 W. Va. 355, 64 S. E. 361, that a conveyance of a shifting stock of goods, or of other personal property of a transitory character, and which changes in the use and handling thereof, left in the possession of the grantor, who is allowed to control and dispose of the same at his will, is void per se, and on its face, and hence can form no basis as security for payment of a debt. Knapp v. Milwaukee Trust Co., Trustee, etc., 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. 610. We think it is equally well settled by the decisions of the Supreme Court of Appeals of West Virginia that, where property of the same class as last herein stated is conveyed under like conditions and treated in the same way, along with other property of a permanent nature, as here, and the transitory property forms, as it does in this case, a material part of what is conveyed, the deed, as respects both classes of property, is equally void. Gardner v. Johnston, 9 W. Va. 403; Claflin v. Foley, 22 W. Va. 441; Livesay v. Beard, 22 W. Va. 585; Shattuck v. Knight, 25 W. Va. 590, 600; Landeman v. Wilson, 29 W. Va. 703, 2 S. E. 203. The case of Shattuck v. Knight, 25 W. Va. 590, supra, a decision of Judge Green, will be found to contain a full and interesting review of the decisions of Virginia and West Virginia covering this class of conveyance, where some portions of the property are transitory and some are not.

It follows from what has been said that the action of the District Court complained of should be in all respects approved, and the petition for review dismissed, at the cost of the petitioner.

Affirmed.