NAUMAN CO. v. BRADSHAW.†

(Circuit Court of Appeals, Eighth Circuit. February 14, 1912.)

No. 3,552.

1. BANKRUPTCY (§ 440*)—CLAIMS—REVIEW—MODE.

Where a claim to personal property sold by the claimant to the bankrupt under a conditional sale was denied, because it was not filed within a year from the date of the bankrupt adjudication and also because the state law respecting the recording of such contracts had not been

complied with, the decision of the District Court on review of the audit was reviewable by the Circuit Court of Appeals as on appeal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**2. BANKRUPTCY (§ 328*)—CLAIMS—FILING—TIME.**

Bankruptcy Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3144), providing that, with certain exceptions, claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication, does not apply to a claim of ownership of property adverse to the bankrupt and to his estate by reason of its having been sold to the bankrupt under a conditional sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

**3. SALES (§ 474*)—CONDITIONAL SALES—RECORDING—"CREDITORS."**

The word "creditors," as used in Code Iowa 1897, §§ 2905, 2906, declaring that a conditional sale contract not acknowledged or recorded shall be invalid as to creditors of the buyer, according to the decisions of the Supreme Court of Iowa, means lien creditors and that knowledge of the unrecorded instrument before the lien is obtained defeats their preferential right; the contract being good as between the parties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1391–1402; Dec. Dig. § 474.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

**4. BANKRUPTCY (§ 140*)—CONDITIONAL SALE—RIGHTS OF TRUSTEE.**

Property under an unrecorded contract of conditional sale unaffected with fraud and good as between the parties does not pass to the bankrupt's trustee under Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), whether the bankruptcy proceedings are voluntary or involuntary.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**5. BANKRUPTCY (§ 283*)—CLAIMS TO PROPERTY—ELECTION OF REMEDIES.**

Where a seller of fixtures to the bankrupt under a conditional sale contract attempted unsuccessfully to foreclose mechanic's lien not only on the article sold, but on the real estate in which they were placed, did not constitute such an election of remedies on the part of the seller as would preclude it from recovering the proceeds of the property from the bankrupt's trustee, because of the title reserved in the conditional sale contract; it appearing that neither the trustee nor the bankrupt's general creditors had suffered loss or injury or changed their position because of the mechanic's lien or the effort to enforce the same in which the claimant had gained nothing.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 283.*]

Appeal from the District Court of the United States for the Southern District of Iowa.

Petition by the Nauman Company against Charles S. Bradshaw, as trustee in bankruptcy of the Des Moines Department Store Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Charles Hutchinson (Howard J. Clark, on the brief), for appellant. C. F. Maxwell (N. T. Guernsey, on the brief), for appellee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before HOOK, Circuit Judge, and MARSHALL, and REED, District Judges.

HOOK, Circuit Judge. This case involves the right of the Nauman Company to a fund in the hands of the trustee of the estate of the Des Moines Department Store Company, a bankrupt. Prior to the bankruptcy proceedings the claimant sold and installed for the bankrupt some fixtures and furniture under written contracts of conditional sale reserving title, and filed a claim for a mechanic's lien upon the articles sold and the realty on which they were placed. The contracts of conditional sale were not acknowledged and recorded as required by the law of Iowa where the transactions occurred. Shortly afterwards the Store Company was adjudged bankrupt in involuntary proceedings. The trustee desiring to sell part of the articles in question, and the claimant objecting, it was stipulated that the sale might be made and the proceeds held as a separate fund in lieu of the property and to abide the determination of claimant's right or lien. Later the trustee sold the balance of the articles without the consent of the claimant, and now has in his possession the proceeds of both sales. Before the expiration of the year succeeding the adjudication the claimant commenced a suit in a state court to foreclose its mechanic's lien and made the trustee a party defendant. After the year expired the trustee applied to the District Court to enjoin the prosecution of the suit, and an injunction was ordered but not made of record under an agreement of the claimant to observe it as though actually entered and served.

[1] About nine months afterward the claimant presented a petition to the court of bankruptcy asserting its right under both the contracts of conditional sale and the mechanic's lien. The referee held against the claim because the claim was not filed within one year from the date of the adjudication (Bankruptcy Act, § 57n), and also because the Iowa law respecting the recording of conditional sale contracts (Code 1897, §§ 2905, 2906) had not been complied with. The District Court affirmed the order of the referee upon the first ground, and the claimant comes here by appeal and also by a petition to revise. The case will be considered as on appeal (Knapp v. Trust Co., 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. 610), and the petition to revise will be dismissed.

[2] Bankruptcy Act, § 57n, provides that, with certain exceptions not material here, claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication. We do not think this provision applies to a claim of ownership of property adverse to the bankrupt and his estate. The context of paragraph "n" read with the associated paragraphs of the section shows that the ordinary debts or demands against the estate were intended, and not adverse claims of title which are ordinarily asserted by intervention in the bankruptcy proceedings. For the former the section prescribes in detail the method of proofs and allowance, but for the latter a compliance with the ordinary practice in equity is sufficient. An assertion of ownership of property in the possession of the trustee, or of its proceeds in a

case like that here. is not one of a debt of the bankrupt or of his estate. Indeed, it not infrequently happens that the claimant of property or its proceeds in the possession of the trustee is not even a creditor of the bankrupt and has no debt or demand against his estate. In Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, the appellee filed a petition in a bankruptcy court asking that it be adjudged the owner of property in the possession of the trustee under a contract of conditional sale, or if sold that it be first paid out of the proceeds. The referee held against it, on review the District Court reversed the referee, on appeal to the Circuit Court of Appeals the order of the District Court was affirmed, and again affirmed on further appeal to the Supreme Court. The point of the case relevant here is that it was held that the intervention of the appellee presented a controversy in a bankruptcy proceeding and that the right of appeal was not controlled by section 25 of the bankruptcy act, which provides for and limits an appeal from a judgment "allowing or rejecting a debt or claim." The petition of the claimant in the case at bar was in substance an intervention, and we think there arose a controversy in the bankruptcy proceedings not affected by the limitation of section 57n.

[3] Though not sustained by the District Court, counsel for the trustee still urge claimant's failure to comply with the Iowa statute which provides that a sale or contract whereby the transfer of title to personal property depends on condition shall not be valid against any creditor or purchaser of the vendee unless in writing, executed by the vendor, and acknowledged and recorded the same as a chattel mortgage. It is settled in Iowa that the term "creditors" means lien creditors, and that knowledge of the unrecorded instrument before the lien is obtained defeats their preferential right; also, that the contract is good as between the parties. Meyer v. Car Co., 102 U. S. 1, 26 L. Ed. 59. This being so, it is good as to the trustee in bankruptcy. Hewit v. Berlin Machine Works, supra; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; and the many cases like them. See In re Hager, 166 Fed. 972, and In re Great Western Mfg. Co., 81 C. C. A. 341, 152 Fed. 123.

We do not think a departure from the rule of Hewit v. Berlin Machine Works and York Mfg. Co. v. Cassell is shown in Security Warehousing Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117, or Knapp v. Trust Co., 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. 610. Both cases last cited arose in Wisconsin. The first involved the rights, as against a trustee in bankruptcy, of holders of alleged warehouse receipts issued by a pretended warehousing company and purporting to cover property of the bankrupt which had never left its possession. It was held that under the state law the scheme was a fraud in fact and the receipts were not valid as against the trustee. The distinction between a fraud in fact and a mere failure to record an instrument which should be recorded was pointed out, and the doctrine of the Hewit and York Mfg. Co. Cases was restated and reaffirmed but distinguished. In the second of the Wisconsin cases a chattel mortgage was held fraudulent in law conformably to local decisions be-

193 F.—23

cause of its particular provisions and the conduct of the parties under it. Both these cases fell under section 70a, which provides that the trustee is vested with the title of the bankrupt to property transferred by him in fraud of his creditors (paragraph 4), and to property which he could have transferred or which might have been levied upon and sold under judicial process against him (paragraph 5).

[4] In Dunlop v. Mercer, 86 C. C. A. 435, 156 Fed. 545, we said that property held under an unrecorded contract of conditional sale, unaffected with fraud and good as between the parties, did not pass to the trustee under section 70a(5). True, the proceedings against the bankrupt in the case at bar were involuntary, but the trustee becomes thereby no more a lien creditor or purchaser than if the bankrupt had instituted them himself.

[5] It is also contended that the claimant lost all rights it might have had under the contracts of conditional sale by securing a mechanic's lien and attempting to foreclose it with demand for a money judgment. Supplementing this, it is further contended that the lien itself is void, and the claimant is therefore reduced to the rank of a general creditor who delayed too long in proving his claim. It should be observed that the lien sought by claimant was not alone on the articles sold under the contract, but extended to the real estate in which they were placed; also, that the trustee and the general creditors suffered no loss or injury and changed no position because of the mechanic's lien or the effort to enforce it, and that the claimant has gained nothing. Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828, covers this part of the case. There was there a contract of conditional sale, mortgage bonds as collateral, the filing of a claim for lien, and an abortive attempt to enforce it; but it was held the contract survived. See, also, Hooven v. Featherstone, 49 C. C. A. 229, 111 Fed. 81. The claimant has actually secured and enjoyed nothing that is inconsistent with its rights under the contracts. Its mechanic's lien could avail it little, for even if otherwise valid, which is doubtful, it appears that between the dates of the two contracts the bankrupt sold the real estate. The law is not such an exact science that rights and remedies are clear at all times, and it does not tend to justice to hold one strictly to a bare election between them where nothing has been gained and no one prejudiced. We think the claimant is entitled to the proceeds of the articles embraced in its contracts not exceeding, however, the amount the bankrupt was to pay, with interest.

The order is reversed, and the cause is remanded for further proceedings in conformity with the above.