CHARLES V. MINOTT, Jr., Trustee in Bankrupcy

*vs.*

GEORGE W. JOHNSON, et uxor.

Sagadahoc.    Opinion May 10, 1921.

*An equity proceeding by a trustee in bankruptcy in behalf of a creditor with claim*
*of precedent date, to invalidate the title of the wife of the bankrupt in certain*
*real estate conveyed to her by her father, alleging that the real estate was*
*wholly or partially paid for from the property of the bankrupt.   Plain-*
*tiff fails to sustain the burden of proving payment made from*
*property of bankrupt.*

Plaintiff is the trustee in bankruptcy of the estate of one of these defendants.
The other defendant is the wife of the first.   Asserting the evidence to show
that at least partial, if not full payment therefor was made from the property
of her husband, the plaintiff, in behalf of a creditor with claim of precedent
date, would invalidate the wife's title, wholly or partially, as the proof might
go, to a homestead that her father deeded to her.

The deed speaks prima facie in behalf of its grantee.   Despite all that this
plaintiff has done, the title deed remains unlessened in telling power.
The findings and the rulings of the Justice who heard this case find lively
mental echo on review.   In deciding that the plaintiff failed to sustain the
encumbent burden of proving that payment, in full or in part, for the par-
ticular real estate, was made from the property of the husband of her to whom
the father conveyed it, the justice did as this court would were it passing
originally on the same record.

On appeal.   This bill in equity was brought under the provis-
ions of Sec. 1, Chap. 66, of the R. S., by the plaintiff as trustee in
bankruptcy of the estate of the defendant, George W. Johnson,
to recover, for the benefit of such creditors as might be entitled
to share therein, certain real estate conveyed to the wife of said
George W. Johnson, codefendant in this action, by her father,
alleging that payment for said real estate was made from the prop-
erty of her husband, the said George W. Johnson.   A hearing was

had upon bill, answer, replication and proofs, and the sitting Justice decreed that the bill be dismissed, from which ruling plaintiff appealed. Appeal dismissed. Decree affirmed.

The case is stated in the opinion.

*Barrett Potter*, for plaintiff.

*Walter S. Glidden*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

DUNN, J. It seems fitting to say of the present bill in equity, that however well-intentioned and motived its beginning, yet upon hearing the suit was not brought within the formula of the burden of proof. *Winslow* v. *Gilbreth*, 50 Maine, 90; *Call* v. *Perkins*, 65 Maine, 439, 446; *Milliken* v. *Randall*, 89 Maine, 200, 206; *Thayer's Preliminary Evidence*, 355.

Plaintiff is the trustee in bankruptcy of the estate of one of these defendants. The other defendant is the wife of the first. Asserting the evidence to show that at least partial, if not full payment therefor was made from the property of her husband, the plaintiff, in behalf of a creditor with claim of precedent date, would invalidate the wife's title, wholly or partially, as the proof might go, to a homestead that her father deeded to her. R. S., Chap. 66, Sec. 1. A trustee in bankruptcy is clothed with plenary right to reach property available as assets of the estate. U. S. Stat. 1898, Chapter 541, Section 70 e; *Knapp* v. *Milwaukee Trust Co.*, 216 U. S., 545; *Annis* v. *Butterfield*, 99 Maine, 181; *Woodman* v. *Butterfield*, 116 Maine, 241; *Googins* v. *Skillings*, 118 Maine, 299; *Bailey* v. *Wood*, 211 Mass., 37; *Ruhl-Koblegard Co.* v. *Gillespie*, (61 W. Va., 584), 56 S. E., 898; 10 L. R. A. (N. S.) 305.

For the purchase price of the property the grantee gave to the grantor a series of promissory notes signed by herself and husband. She and her husband say that her independent funds paid certain of those notes in full and also all of the instalments that were made on a remaining one; thus rendering to her, in such event, to the extent of payments made, immunity from successful attack. *Sampson* v. *Alexander*, 66 Maine, 182. They testify further, that when afterward her father came to live with them in the selfsame house, and they had agreed to provide him a home for the rest of his life,

he thereupon,—in regard therefor, but not in support of the joint promise he already had,—forgave to his daughter other notes which had been issued in renewal of the last of the original ones, and which then were still outstanding and unpaid.

The deed speaks prima facie in behalf of its grantee. *Winslow* v. *Gilbreth,* supra; *Call* v. *Perkins,* supra. In his effort to avoid or set aside that instrument, the plaintiff relies mainly upon testimony given by defendants themselves, either personally at the hearing or by deposition, at his instance; and upon what is shown by sundry books, accounts and papers, some relating to the defendants' own affairs and some to other businesses and concerns with which the defendants had directly or indirectly to do.

If adequate evidentiary means be incomplete juridical portrayal of a past event needs must be dim. A man may die and all knowledge of a transaction die with him. Living men may neither remember nor recollect, excepting in vague nebulosity. Perchance, now and then, self-interest may warp the memory of a witness beyond reform. Written records may have been lost or destroyed; those extant may not impart a very clear idea of the thought that someone sought to put on paper; indeed, a record may convey misleading impression or be unintelligible, unless supplemented by explanation of him who made it. None the less, the law does not relax its wise rule that, in order to give aid toward decision in his favor, the testimony of a plaintiff's case must outweigh that otherwise adduced. Supposition, conjecture, guess or mere theory will not suffice. The effect of the evidence must be more exact.

Diligently and with courageous aggressiveness has the plaintiff endeavored to establish a cause; analytically has he dealt with the evidence; acutely has he argued. But we cannot accept his estimate that the record leaves little to be desired. Regardless of the avenues that he explored, and despite all that he has done, the surpassing fact is that his adversary's title deed remains unlessened in its telling power. *Winslow* v. *Gilbreth,* supra; *Call* v. *Perkins,* supra.

The Justice who heard this case wrote out his findings and rulings at length. They are of public file in the clerk's office. Nothing has been said, or need be, in detail of them here. The simple statement that manifest error is not indicated in his findings, and that to the facts which he found he unerringly applied the law,

would not in full fairness express our evaluation of the situation. Rather let it be said, that his findings and his rulings find lively mental echo on review. In deciding that the plaintiff failed to sustain the incumbent burden of proving that payment, in full or in part, for the particular real estate, was made from the property of the husband of her to whom the father conveyed it, the Justice did as this court would, were it passing originally on the same record.

*Appeal dismissed.*
*Decree affirmed.*