## WARNER v. JAMESON ET AL.

1. **Sale**: RECORDING OF CONTRACT: ASSIGNMENT FOR CREDITORS. Where personal property was sold and possession given under an agreement that the title should remain in the seller until the payment of the purchase money, *held*, that an assignee for the benefit of the creditors of the purchaser, who took possession of the property with full knowledge of the agreement, held it subject thereto, although the contract of sale was not recorded.

*Appeal from Hardin Circuit Court.*

TUESDAY, OCTOBER 21.

IT is averred in the petition that on the 28th day of June, 1877, the defendant, Jameson, executed and delivered his written order to the plaintiff for a fire-proof safe, for which said Jameson was to pay $192, in four equal installments, in six, eight, ten and twelve months, for which sums he gave his four promissory notes; that said order provided that until said notes were paid the title to said safe should not pass, but that the same should remain the property of plaintiff, and in de-

fault of payment plaintiff should have the right to take possession, and remove said safe without legal process; that said safe was duly delivered to said Jameson in pursuance of said written order and contract, and that said notes are due and unpaid.

That after making said contract and notes, and after the delivery of said safe to said Jameson, he made an assignment for the benefit of his creditors under the insolvent laws of the State, to the defendant, Bodecker, as assignee, whereupon said assignee took and now has possession of said safe.

"That at and before said assignment was made, said Bodecker had full knowledge and notice of the rights of plaintiff to said safe, and all of the conditions of the aforesaid written order and promissory notes, and it was then and there understood by and between said Jameson and said Bodecker, that said Bodecker should take said safe subject to plaintiff's interest and rights under said order and notes; that there is now due and owing to this plaintiff, on said order and notes, the sum of $130."

The prayer of the petition is that said safe be taken from the list of assets of said insolvent estate, and that an order be made authorizing and directing the sale thereof, and the proceeds applied to the payment of the amount due the plaintiff.

The defendant, Bodecker, demurred to the petition upon the following grounds:

1st. That said petition shows that plaintiff relies for his title to the safe in question upon the written order thereto attached, which is no notice to the creditors, it never having been recorded.

2d. That the alleged agreement between the assignee and the insolvent is in fraud of the rights of the creditors, and they are not bound by any agreement not within the scope of his duties as assignee.

The demurrer was overruled and judgment was rendered for the plaintiff. The defendant, Bodecker, appeals.

*J. H. Scales*, for appellant.

*S. M. Weaver*, for appellee.

ROTHROCK, J.—Section 1922 of the Code provides that "no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee, in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages."

It is contended by counsel for appellant that as there is no averment in the petition charging the creditors of Jameson with notice of the agreement by which the title to the safe should remain in plaintiff, until full payment therefor, that such reservation or condition is void. Before the statute was enacted such a contract was valid, not only between the parties, but as to all the world, because the title did not pass to the vendee until the price was paid. *Bailey v. Harris*, 8 Iowa, 331; *Baker v. Hall* 15 Id., 277; *Moseley & Bro. v. Shattuck*, 43 Id., 540.

The statute does not declare the sale or contract to be invalid as between the parties. It merely provides that it shall not be valid as to the creditor or purchaser of the vendee without notice. If, then, the plaintiff had asserted the claim made in the action before Jameson made the assignment, and at a time when no creditor had questioned the validity of the transaction, Jameson could not have defeated the action on the ground that the conditional sale was invalid as to his creditors. We think the assignee is in no better position to question the plaintiff's rights than Jameson, especially as he took the assignment with full knowledge of the plaintiff's right. The assignee took the property subject to all the equities existing in favor of third persons. "In other words, the assignee stands in the shoes, and only succeeds to the rights, of the assignor." *Roberts v. Corbin & Co.*, 26 Iowa, 315. A general creditor has no specific lien upon the personal property of his debtor until he seizes it by some process of law. Until he thus asserts his claim the debtor may sell and dispose of his property without let or hindrance, provided his acts in that behalf be not fraudulent as to creditors. Applying this rule to the

case at bar, if the plaintiff had taken possession of the safe from Jameson for non-payment of the purchase money, such possession would have been rightful and could not have been questioned by the creditors, because they had asserted no claim to it, and if a creditor had proceeded to subject the property, by execution or attachment, to the payment of his debt he would have been defeated if at any time before seizing the property he had notice of the plaintiff's ownership. Here there has been no seizure. The assignee merely holds it as the trustee of Jameson for the benefit of creditors.

If it be claimed that the assignee is also trustee for the creditors and represents them, the notice of plaintiff's ownership, given to the assignee before and at the time the assignment was made, would be notice to the creditors.

AFFIRMED.