IN RE ASSIGNMENT OF M. B. WISE, M. A. FISHER, Assignee, THE ROCK ISLAND PLOW COMPANY, Intervener, Appellant.

|121 359|
|e125 124|
121 359
129 140

Conditional Sale: RECOVERY OF GOODS: TITLE OF ASSIGNEE. An assignee for the benefit of creditors takes only the title of his assignor and where goods are held on a contract of conditional sale, reserving title to the seller until paid for, the seller by intervention may reclaim the goods from the assignee without previous demand though the contract was not recorded; and where a note was given by the terms of the contract in settlement for the goods, the value of those reclaimed should be credited thereon and the balance due may be proved as a claim against the estate.

*Appeal from Keokuk District Court.*—HON. J. T. SCOTT,
Judge.

SATURDAY, OCTOBER 17, 1903.

ON August 12, 1901, M. B. Wise made an assignment
for the benefit of his creditors.    Included in the property
transferred were some plows, harrows, a corn planter, and
cultivator, bargained to him by the Rock Island Plow
Company, and delivered to him by virtue of a contract
entered into December 21, 1899, stipulating:

"It is expressly agreed that all bills are to be settled
by note on receipt of goods or upon monthly balances, at
the option of the party of the second part, drawn and
payable at some convenient bank or express office, with
exchange on Chicago, New York, St. Louis and collection
charges.    It is, however, further understood and agreed
that all goods shipped or received under this contract or
any future contract, of which the printed stipulations of
this agreement are a part, as hereinafter provided, and
the proceeds of the sale of any of such goods whether in
cash, notes, book accounts or other proceeds, are to be
held in trust for and subject to order of the party of the
second part until party of the first part has paid in full
all obligations due or to become due to party of the second
part for the same.

"The title to and ownership of all goods shipped under
this contract shall remain vested in party of the second
part, until the price thereof shall be paid in cash, and
until all notes given therefor and to be given under this
contract are paid, and party of the second part shall be
entitled to the possession of the same whenever they, the
said party of the second part, feel insecure, or the party
of the first part may become insolvent, or bankrupt, but
nothing in this contract shall be deemed as releasing party
of the first part from their obligation to pay for said goods
and all the notes hereby contemplated."

A note for $170.88 was executed October 25, 1900, payable October 1st following, in pursuance of the above condition. The company, by petition of the intervention, alleged these facts, and prayed for the possession of the property. The answer of assignee put plaintiff upon his proof, and, upon hearing, the petition was dismissed. The intervener appeals.— *Reversed*.

*Brown & Willcockson* for appellant.

*Stockman & Hamilton* for appellee.

Ladd, J.—Under the contract, intervener retained title to the goods as security for the purchase price. As these remained in possession of the assignor, and were undisposed of when the deed of assignment was executed, it is of no consequence that the agreement was never recorded. The assignee acquired no better title to the property than had Wise, the assignor. *Arnold v. Grimes*, 2 Iowa, 1; *Roberts v. Corbin*, 26 Iowa, 316; *Warner v. Jameson*, 52 Iowa, 70; *Hooven etc., Co. v. Burdette*, 153 Ill. 672 (39 N. E. Rep. 1107.) He took the property subject to all equities, liens, or incumbrances existing against the same in the hands of the insolvent, and was not a *bona fide* purchaser for value. See decisions collected in 4 Cyc. 219. And as the intervener was entitled to the return of the property as against Wise, we know of no reason for denying him the enforcement of the contract as against the assignee.

It is suggested that the proper remedy was by repleving the goods, instead of asking for their return through a petition of intervention. The point was not made in the district court, and cannot be raised here for the first time. But as the property was in *custodia legis* (*Hamilton-Brown Shoe Co. v. Mercer*, 84 Iowa, 537,) it is doubtful if the method pursued, long approved in practice, can be thought objectionable.

The intervener asked that the articles mentioned be·
returned, and that, after deducting the value of all so.
returned from the note, the remainder owing thereon be
established as a claim against the estate. Appellee insists·
that the remedies sought were inconsistent. Not so, for
the title to the property was retained by the vendor as·
security, and all prayed was the allowance of that part of
the debt not satisfied by retaking the articles on hand.
As the contract fixed the price of the articles to be ordered.
returned, and for which credit should have been given, the·
evidence of the agent as to value was immaterial. No·
demand was essential prior to the application to the court·
for the order, nor was the company called upon to sur··
render its note until satisfied in the manner stipulated..
An order should have been entered as prayed.—REVERSED..