### In re JOHNSON.

(District Court, N. D. Iowa, W. D. July 31, 1922.)

#### No. 1442.

1. **Sales ☞474(2)—Contract held "conditional sale contract," within statute making such contract void as to creditors unless recorded.**

   Where order for manure spreaders stipulated that the spreaders should remain the property of the seller, subject to their order at any time they might deem themselves insecure, and until compliance with all the conditions of the contract, including the final payment in full, the contract was a "conditional sale contract," within Code Iowa 1897, § 2905, making such a contract void as to any creditor or purchaser of the buyer without notice, unless acknowledged and recorded as a chattel mortgage.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

2. **Bankrupcy ☞140(1)—Trustee held not entitled to property in bankrupt's possession within four months prior to petition, but surrendered to conditional seller prior thereto.**

   Under Bankruptcy Act, § 70a (Comp. St. § 9654), the trustee in bankruptcy was not entitled to property purchased by bankrupt in state of Iowa under a conditional sale contract reserving title in seller, surrendered by the bankrupt to the seller prior to the filing of the involuntary petition against the bankrupt, but within four months prior thereto, notwithstanding Code Iowa 1897, § 2905, making such a contract void as against "any creditor," unless acknowledged and recorded as a chattel mortgage, since such statute is not available to a general creditor, who has acquired no lien, and a trustee in bankruptcy takes the same title which the assignor of the bankrupt has at the time of the assignment or adjudication.

3. **Bankruptcy ☞163—Bankrupt's relinquishment of property to conditional seller, who had retained title, within four months prior to petition, held not a "preference."**

   Where the bankrupt, within the four months preceding the filing of the petition, surrendered to the seller goods which had been purchased under a conditional sale contract reserving title in seller, the trustee was not entitled to the property on the theory that the relinquishment of the property to the seller constituted a preference, voidable at the instance of the trustee.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Preference.]

In Bankruptcy. In the matter of the bankruptcy of James O. Johnson, bankrupt. On petition of L. B. Pesso, trustee in bankruptcy, for a review of order of referee sustaining the title and right of possession of the Rock Island Plow Company to certain property. Order of referee affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
282 F.—18

Geo. Wambach, of Des Moines, Iowa, for petitioning creditors.
Bailey & Voorhees, of Sioux Falls, S. D., for Rock Island Plow Co.
J. W. Cory & Son, of Spencer, Iowa, for trustee.

SCOTT, District Judge. The above-entitled matter came before the court upon the petition of L. B. Pesso, trustee in bankruptcy, for a review of an order of the referee in bankruptcy entered on the 13th day of November, 1921, under which the referee sustained the title and right of possession of the Rock Island Plow Company to 11 Great Western manure spreaders, which had been in the possession of the bankrupt within four months prior to the filing of the petition in bankruptcy, under a conditional sale contract, but which, prior to the filing of involuntary petition against the bankrupt, had been surrendered by the bankrupt to the vendor, Rock Island Plow Company, and which at the time of the filing of the involuntary petition and the adjudication were in possession of the Rock Island Plow Company.

The matter came before the referee upon the petition of the Rock Island Plow Company, asking the confirmation by the referee of its title and claim to the spreaders as against the claim and demand of the trustee. The trustee appeared in the proceeding and answered, putting forth a number of claims and theories, which in their last analysis are reducible to four propositions: (1) That the contract of sale, if construed as a conditional sale, is void as against the trustee under section 2905 of the 1897 Code of Iowa, for the reason that the same was not duly acknowledged and recorded as provided by that section; (2) that the contract, taken by and large, is not a conditional sale contract, but evidences a sale absolute, with an attempt to retain a lien for purchase money in the nature of a mortgage, which is void as against the trustee, under section 2906 of the 1897 Code of Iowa, because not acknowledged and recorded as provided in said section; (3) that the reservation in the contract, taken in connection with the conduct of the parties, is fraudulent, and therefore title passed to the trustee; and (4) that the relinquishment of the property in controversy to the Rock Island Plow Company constituted a preference, voidable at the instance of the trustee.

On the hearing the referee found in favor of the Rock Island Plow Company, and that the trustee took no title to the spreaders in controversy. The referee found as a conclusion of law that the contract in question was a contract of conditional sale, and as a matter of fact that the condition had not been complied with, and that the property had by mutual agreement been surrendered to the vendor, and its possession redelivered before the filing of the involuntary petition in bankruptcy against the bankrupt.

The first and second propositions will be considered together, for the reason that the determination of one necessarily disposes of the other. The contract in question is in the form of an order by the bankrupt for the spreaders in controversy, provides for the delivery to the vendee "in accordance with agreements and conditions herein expressed," the terms of payment, and closes with the following condition:

"It is also agreed that all goods shipped on this contract, and proceeds of sale thereof, shall be and remain the property of the Rock Island Plow Company, 'of Sioux Falls, S. D., and subject to their order at any time they may deem themselves insecure, and until all the conditions of this contract are complied with, including the final payment in full for all said goods; but nothing in this clause is to serve as a release from making payment as herein agreed."

[1] In the opinion of the court the referee correctly interpreted the contract to be one of conditional sale, such as is contemplated by the provisions of section 2905 of the 1897 Code of Iowa. The question then is whether, in the light of this contract and the acts of the parties, the title to the spreaders passed to the trustee in bankruptcy.

[2] There is no serious controversy with respect to the facts. The spreaders were delivered to the bankrupt under the contract about the 20th of July, 1920, and remained in the bankrupt's possession until about two weeks prior to the filing of the involuntary petition in bankruptcy against him. The spreaders were never paid for, and the bankrupt was unable to make settlement according to the terms of the contract. About two weeks prior to the filing of the involuntary petition a representative of the Rock Island Plow Company called upon the bankrupt and demanded possession of the spreaders. The bankrupt willingly turned over possession and relinquished all claim. At the request of the representative of the plow company, the bankrupt leased the plow company for storage purposes two small buildings, not used as a part of his place of business. A lease was drawn up and signed, and the keys turned over to the representative of the plow company. The spreaders were then removed from the bankrupt's place of business to the buildings in question, and there stored by the representative of the plow company, and so remained at the time of the filing of the involuntary petition in bankruptcy and the adjudication.

As to whether the title to the spreaders passed to the trustee in bankruptcy must be tested by reference to the pertinent provisions of the Bankruptcy Act and the statute of the state of Iowa. Section 70a of the Bankruptcy Act (Comp. St. § 9654) provides:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. * * *"

Section 2905 of the 1897 Code of Iowa provides:

"No sale, contract or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages."

The Supreme Court of Iowa at an early date interpreted the above section of the Iowa Code, and held in effect that the "creditor" contemplated in said section means a creditor who has acquired a lien.

Warner v. Jameson, 52 Iowa, 70, 2 N. W. 951. The Supreme Court of the United States, in Myer v. Car Co., 102 U. S. 1, 26 L. Ed. 59, gave to this section of the Iowa statute the same interpretation. The Supreme Court of Iowa later (In re Wise, 121 Iowa, 359, 96 N. W. 872, following Warner v. Jameson, supra, and other cases) said:

"Under the contract, intervenor retained title to the goods as security for the purchase price. As these remained in possession of the assignor, and were undisposed of when the deed of assignment was executed, it is of no consequence that the agreement was never recorded. The assignee acquired no better title to the property than had Wise the assignor.'

The contract under consideration in Re Wise was substantially the same as that now under consideration in the case at bar. It therefore follows that, so far as the law of Iowa is concerned, section 2905 of the Code of 1897, gives no protection to a general creditor who has acquired no lien, and an assignee for the benefit of creditors under a state law, or a trustee in bankruptcy, takes the same title which the assignor of a bankrupt has at the time of the assignment or adjudication.

Another case very similar to the case at bar is Dunlop v. Mercer, 156 Fed. 545, 86 C. C. A. 435, decided in 1907 by the Circuit Court of Appeals for the Eighth Circuit. Senior Circuit Judge Sanborn, in delivering the opinion of the court, said:

"The suggestion that this property vested in the trustee under section 70a (5) of the Bankruptcy Law * * * is not well founded. A trustee is not a purchaser for value. The 'property which prior to the filing of the petition, he [the bankrupt] could by any means have transferred' within the meaning of this clause of section 70, is property that he could by any means have transferred to another lawfully under the same terms that he transfers it by law to the trustee; that is to say, without consideration. It does not include the property of another, which the bankrupt is authorized to transfer only on the condition that he sells it for value, or sells it and holds its proceeds for its owner. And this property could not have been lawfully 'levied upon and sold under a judicial process against' the bankrupt at the time the petition in bankruptcy was filed. The result is that the contract evidenced a sale on the lawful condition that the notes and accounts owing by the Western Company to the Zimmer Company were paid in cash. They were never paid. The title and ownership of the property, which remained in the possession of the Western Company when the petition against it was filed, had never vested in it, and hence they never passed to the trustees of its estate, because the condition of the sale was never fulfilled. They are still in the Zimmer Company."

The court, in Dunlop v. Mercer, supra, cited Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed 782. The Circuit Court of Appeals again, in Nauman Co. v. Bradshaw, 193 Fed. 350, 113 C. C. A. 274, in a case from the District Court for the Southern District of Iowa, arrived at the same conclusion, thereby giving interpretation to section 2905 of the Iowa statute. The Supreme Court of the United States again in Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, reiterated the same principle in applying a statute of Kansas substantially the same as the Iowa statute.

In the light of these authorities the court is of opinion that at the time of the filing of the involuntary petition in bankruptcy against Johnson he had no title that could be transmitted to the trustee in bankruptcy. Indeed, the instant case is stronger than some of the cited cases, for the reason that a considerable time before the filing of the involuntary petition the bankrupt had surrendered the property to the vendor and was no longer in possession of it. This conclusion, of course, disposes of the second proposition contended for by the petitioning trustee.

As to the third proposition, that the reservation in the contract, taken in connection with the conduct of the parties, is fraudulent, and therefore title passed to the trustee. The referee correctly found that this contention was without support in the record. There is no evidence of any fraud in connection with this transaction, either upon the part of the bankrupt or the Rock Island Plow Company. The plow company did no more than it had a lawful right to do under its contract.

[3] As to the fourth contention, that the transaction in question constitutes a preference and is voidable as such at the instance of the trustee: The court is of opinion that that question is fully answered by the decision in Bailey v. Baker Ice Machine Co., supra. In that case Mr. Justice Van Devanter said:

"The question next to be considered is whether the contract operated as a preferential transfer by Grant Bros. [the bankrupt vendees] within the meaning of section 60b of the Bankruptcy Act, as amended June 25, 1910, 36 Stat. 832, 842, c. 412, which declares that 'a transfer' by a bankrupt 'of any of his property' shall be voidable by the trustee, if it be made or recorded (when recording is required) within four months before the petition in bankruptcy is filed, and 'the bankrupt be insolvent and the * * * transfer then operate as a preference,' etc. The section leaves no doubt that to be within its terms the transfer must be one which a bankrupt makes of his own property and which operates to prefer one creditor over others; and if further light be needed there is a declaration in the Bankruptcy Act, July 1, 1898, 30 Stat. 544, 545, § 1, cl. 25, that the word 'transfer' shall be taken to include every mode 'of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security.' It therefore is plain that section 60b refers to an act on the part of a bankrupt whereby he surrenders or incumbers his property or some part of it for the benefit of a particular creditor and thereby diminishes the estate which the Bankruptcy Act seeks to apply for the benefit of all the creditors. New York County National Bank v. Massey, 192 U. S. 138, 147. Applying this test to the contract in question, we think it did not operate as a preferential transfer by Grant Bros., the bankrupts. The property to which it related was not theirs, but the Baker Company's [the vendor's]. The ownership was not transferred, but only the possession, and it was transferred to the bankrupts, not from them. Being only conditional purchasers, they were not to become the owners until the condition was performed. No doubt the right to perform it, and thereby to acquire the ownership, was a property right. But this right was not surrendered or incumbered. On the contrary, it remained with the bankrupts and ultimately passed to the trustee, who was free to exercise it for the benefit of the creditors. So there was no diminution of the bankrupts' estate."

It therefore follows that the order of the referee now under review should be affirmed.