[No. 18792.   Department One.   January 9, 1925.]

NORTHWEST HARDWARE COMPANY, *Plaintiff*, v. M. & S. LOGGING COMPANY, *Defendant*, NORTHWEST HARD-WARE COMPANY et al., *Appellants*, WHATCOM TIMBER COMPANY, *Respondent*.[1]

LOGS AND LOGGING (1)—SALES (180)—CONDITIONAL SALES—RESERVATION OF TITLE—WAIVER. Under a logging contract, providing for monthly payments and reserving title and right of possession in all timber, cut and uncut, until the purchase price is paid, the owner waived its reserved title by permitting the logging company to sell the logs as cut and retain the purchase price as its own.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered March 28, 1924, allowing a claim against a receiver as a preferred claim, after a trial to the court. Reversed.

*Hadley & Abbott*, for appellants.

*C. E. Abrams* and *Sather & Livesey*, for respondent.

PEMBERTON, J.—The respondent entered into a contract with the M. & S. Logging Company for the sale of certain standing timber and logging equipment, to be paid for at the rate of $6 per thousand feet on the 10th day of each month for the timber cut and removed

[1]Reported in 232 Pac. 274.

during the preceding month. After logging a large amount of the timber and selling the logs to a number of different purchasers, there was due from these purchasers to the logging company the sum of $9,406.91. At this time one William McCush was appointed receiver of the logging company. There was due and unpaid to the timber company from the logging company for the timber removed the amount of $6,150. The timber company notified the purchasers of the logs from the logging company that this sum was due the timber company and requested them not to pay this sum to the receiver. The receiver collected the amount in controversy, and thereafter the timber company filed its claim as a preferred claim against the amount so collected by the receiver. The trial court found that on September 8, when the logging company ceased operations, it was indebted to the timber company for the timber cut and removed in the month of August and for the first eight days of September in the amount of $6,150, and that the timber company was entitled to a preferred claim in this sum against the amount collected by the receiver from the purchasers of these logs. From a judgment allowing the same as a preferred claim, this appeal is taken.

General claims have been filed with and approved by the receiver in an amount over $15,000, these claims including the appellants as the principal creditors.

It is the contention of appellants that the contract in question is a conditional sale contract with power to convert the standing timber into personal property and sell the same as the property of the logging company, and the contract being filed as a real estate contract and not as a conditional sale contract of personal property, is void as to creditors of the logging company.

The contract provided that the logging company was to "pay to the party of the first part (timber company) at the rate hereinbefore provided for and according to such scale upon the 10th day of each month during the life of this contract for all logs cut and removed during the preceding month." The contract also provided "that title to and right of possession in all such timber, whether cut or uncut, and to all lumber or other products of such timber manufactured therefrom, shall be and remain in the party of the first part until the purchase price provided for herein has been paid to it." It also provided that, in case of forfeiture of the contract, the timber company had the right to collect and receive the payment for any logs or timber which had been removed for which the stumpage claim had not been paid, and in case of forfeiture the timber company had the right to retake possession of the timber and all the personal property or any unpaid for timber cut or removed and retain all sums theretofore paid on the purchase price as liquidated damages.

It is the contention of appellant that under this contract: "(1) The title to the logs when cut and removed passed to the logging company and was not reserved to timber company. (2) Even assuming that title to the logs was reserved in timber company, such reservation must be held to have been waived."

It is the contention of respondent that "a logging business could not be successfully transacted by logging company in any other way than through permission to sell and pay on periodic settlement dates from the proceeds of sales." This, however, is not the agreement. The proceeds of the sales of the logs were not reserved to respondent.

"If the vendor parts with the possession to the vendee and invests him with the right to sell as his own

and treat the proceeds as his own then the sale is absolute, and the title is in the vendee absolutely, as fraud is presumed even if there be an agreement that title to the property shall remain in the vendor until the debt is paid. But if the agreement be that the vendee may sell, and that if he does he shall pay over the proceeds to the vendor to apply on the debt, then there is no fraud, and the vendor has the title." *Pontiac Buggy Co. v. Skinner,* 158 Fed. 858.

The logging company had the right to sell the logs to anyone desiring to purchase and could give good title to the purchaser and hold the proceeds as its own. It was merely obligated to pay on the 10th day of each month for the timber cut the preceding month. If the timber company reserved the title, it waived such reservation by permitting the logging company to sell the logs and retain the purchase price as its own. *Winton Motor Carriage Co. v. Broadway Automobile Co.,* 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Kimble Motor Car Co. v. Androw,* 125 Wash. 255, 215 Pac. 340; *Stotts v. Puget Sound Tr., L. & P. Co.,* 94 Wash. 339, 162 Pac. 519, L. R. A. 1917D 214.

The case is reversed and the claim of respondent is allowed as a general claim and not as one having priority of payment.

MAIN, C. J., TOLMAN, PARKER, and BRIDGES, JJ., concur.