[No. 17926.   *En Banc.*   April 13, 1925.]

B. T. WOODS, *as Trustee in Bankruptcy of the White Shoe Company, Appellant,* v. METROPOLITAN NATIONAL BANK *et al., Respondents.*[2]

Appeal from a judgment of the superior court for King county, Brinker, J., entered December 13, 1922, upon findings in favor of the defendants, in an action to recover an unlawful preference by an insolvent corporation. Reversed.

*Battle, Hulbert, Gates & Helsell,* for appellant.

*John S. Jurey,* for respondents Hatfield.

*G. E. de Steiguer,* for respondent Metropolitan National Bank of Seattle.

*Kerr, McCord & Ivey, Bausman, Oldham, Bausman & Eggerman, Chadwick, McMicken, Ramsey & Rupp, Donworth, Todd & Higgins, McMillan & Murray, Kelly & McMahon,* and *Hayden, Langhorne & Metzger, amici curiae.*

[1]Reported in 234 Pac. 463.

[2]Reported in 234 Pac. 672.

## ON REHEARING.

Upon a rehearing *En Banc*, a majority of the court adhere to the opinion heretofore filed herein, and reported in 126 Wash. 346, 218 Pac. 266.

HOLCOMB, J. (dissenting)—I dissent. Nothing need be added to the facts stated in the former opinion, except that the bank was ignorant of the insolvency of the White Shoe Company during all the time the deposits were being made.

In the former opinion, a distinction was attempted to be made between this case and our former decision in *Conner v. First National Bank*, 113 Wash. 662, 194 Pac. 562.

Further, in the former opinion, no consideration was given to that section of the Federal Bankruptcy Act, § 68a, providing:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other and the balance only shall be allowed or paid."

In the former opinion, also, it was held that only § 70e, together with §§ 60b and 67e of the bankruptcy act, were controlling in this matter. It was held generally that, under our trust fund doctrine so often announced and followed by this court, a bank was not entitled to retain the deposits made in it and set them off against indebtedness owing by the bankrupt.

Our trust fund doctrine and the right of set-off may exist side by side. Both doctrines are founded upon equity and natural justice. As was said by Mr. Justice Lamar in a case where, like this, the notes were not due when most of the deposits were made, and checks were given to pay the notes, *Studley v. Boylston National Bank*, 229 U. S. 523:

"That right [of set-off] is constantly exercised by business men in making book entries whereby one mutual debt is applied against another. If the parties have not voluntarily made the entries and suit is brought by one against the other, the defendant, to avoid a circuity of action, may interpose his mutual claim by way of defense and if it exceeds that of the plaintiff, may recover for the difference. Such counterclaims can be asserted as a defense or by the voluntary act of the parties, because it is grounded on the absurdity of making A pay B when B owes A. If this set-off of mutual debts has been lawfully made by the parties before the petition is filed, there is no necessity of the trustee doing so. If it has not been done by the parties, then, under command of the statute, it must be done by the trustee. But there is nothing in § 68a which prevents the parties from voluntarily doing, before the petition is filed, what the law itself requires to be done after proceedings in bankruptcy are instituted. . . . The Bankruptcy Act recognizes this right and it cannot be taken away by construction because of the possibility that it may be abused."

It is also stated in the opinion in the foregoing case that § 68a did not create the right of set-off, but recognizes its existence and provides the way in which it may be enforced even after bankruptcy.

The right of set-off exists in this state by virtue of the statute, § 266, Rem. Comp. Stat. [P. C. § 8353], and has been given force and effect by us in numerous cases, notably so in the case of *Dunlap v. Seattle National Bank*, 93 Wash. 568, 161 Pac. 364, where we approved the right of set-off notwithstanding the trust fund doctrine applicable to the bankrupt corporation, and quoted and followed the cases of *New York County National Bank v. Massey*, 192 U. S. 138; *Studley v. Boylston National Bank, supra*, and *Germania Sav. Bank & Trust Co. v. Loeb*, 188 Fed. 285. We again followed it in *Conner v. First National Bank*, 113 Wash. 662, 194 Pac. 562. The two last cited cases cannot be distinguished in their controlling facts from the present case.

The right of set-off is not peculiar to banks. It may be exercised by any creditor against a debtor, and unless the creditor has fraudulently and collusively obtained a preference by getting money or property into his hands in order to assert the right of set-off, it cannot be denied. See, also, *Wrenn v. Citizens National Bank*, 96 Conn. 374, 114 Atl. 120; *Johnson v. Gratiot County State Bank*, 193 Mich. 452, 160 N. W. 544.

It was conceded in this case that respondent bank did not know that the bankrupt company was financially embarrassed or that it was giving a preference at the times the deposits were made. It was correctly stated in the former opinion that "the deposit itself did not constitute an unlawful preference or a transfer, since the deposit did not cause a diminution of the estate of the depositor."

It is unnecessary to prolong the discussion or waste any space in citing or quoting any further authorities, although a great number have been examined. In my opinion, our own cases cited above are indistinguishable from this, are sustained by the weight of authority, and the opinion of the Department should be overruled.

The judgment of the lower court should be affirmed.