[No. 20979.   Department Two.   February 27, 1928.]

## H. E. Warner, *Trustee, Respondent,* v. Ross E. Hibler et al., *Appellants.*[1]

[1] Courts (37)—Rule of Decision—Decision of Courts of Other States.   The validity of chattel mortgages as against a trustee in bankruptcy, is to be decided by the laws of this state, the Federal courts following the decisions of the state courts as to local questions.

[2] Chattel Mortgages (4)—Validity—On Stock in Trade—Provision for Accounts.   A chattel mortgage upon a shifting stock of merchandise, without any provision for an accounting of the proceeds of the sales, is void as to all persons other than the parties to it and cannot be validated as to creditors by the mortgagee's taking of possession.

[3] Bankruptcy (6)—Preferences—Rights of Trustee as to Preferences.   A trustee in bankruptcy may avoid any transfer of the bankrupt which the creditors could avoid, and recover the property unless sold to a *bona fide* purchaser for value prior to the bankruptcy adjudication.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 1, 1927, upon findings in favor of plaintiff, in an action to recover an unlawful preference made by a bankrupt.   Affirmed.

*James Crehan* and *C. S. Goshert,* for appellants.

*Roberts & Skeel* and *Elwood Hutcheson,* for respondent.

Holcomb, J.—This action was brought by respondent, as trustee in bankruptcy, pursuant to an order of the referee in bankruptcy, to recover an alleged unlawful preference made by the bankrupt to appellants within the four-months period prior to bankruptcy.

The bankrupt, Axel Hoyer, being then the owner and proprietor of a chain of six retail grocery stores

[1]Reported in 264 Pac. 423.

in Seattle, gave six chattel mortgages to appellant Hibler, dated June 18, 1926, acknowledged and filed July 3, 1926, one upon the stock of merchandise and fixtures in each store, to secure a pre-existing, unsecured, open-account indebtedness. These chattel mortgages purported to cover shifting stocks of merchandise, but contained no provision for accounting. Hoyer continued in possession and engaged in the operation of these retail grocery stores. Apparently, the business was a losing one, and by November 16, 1926, Hoyer had admittedly become hopelessly insolvent, which was well known to appellants at that time.

On that date, Hoyer gave to appellant Goshert, attorney and agent for appellant Hibler, a bill of sale for all of the stores described in the previous chattel mortgages, in order to pay off these chattel mortgages, giving appellant Hibler immediate possession, who remained in possession until these proceedings. On December 14, 1926, Goshert gave Hibler a bill of sale to the stores. A petition for involuntary bankruptcy was filed on December 31, 1926, and Hoyer and wife passed into bankruptcy on January 10, 1927. The property transferred to appellants was the only non-exempt property owned by the bankrupts.

Upon the appointment of the trustee in bankruptcy, demand was made upon appellants for the return of the stores, which demand was refused. This action was then brought to recover the stores or the value thereof, alleging that the mortgages were void because they covered a shifting stock of goods and contained no provision for an accounting of the application of the proceeds derived from the conduct of the business to the payment of the mortgages.

Appellants demurred to the complaint, which demurrer was overruled. Appellants then answered,

setting up as their defense that no creditor held a lien against the property covered by the mortgages and the bill of sale at the time the mortgagee went into possession of the mortgaged property; that the mortgagee, having taken possession, perfected his lien and validated the mortgages, thus precluding unsecured creditors and the trustee in bankruptcy from questioning the validity of the chattel mortgages.

Upon the trial in the court below, judgment was entered for respondent in the sum of $12,381.75.

Motion for a new trial was made and denied.

Errors are assigned in overruling the demurrer of appellants, in rendering judgment for respondent, in refusing to render judgment for appellants, and in denying a new trial.

The principal proposition of law involved on this appeal, as stated by appellants, is whether or not a trustee in bankruptcy is in a position to legally question the validity of the mortgages under consideration, after all defects in the mortgages were, at least presumptively, cured when the mortgagee took possession and control of the mortgaged properties.

[1] Although appellants cite decisions from the courts of other states, chiefly in their reply brief, it is useless to advert to them, for this case is to be decided by the laws of this state, regardless of the state of the law in other jurisdictions. Even the Federal courts, upon such matters as are here in question, feel bound to follow the decisions of the state courts as to local questions and the law of the state where the case arises. *Zartman v. First Nat. Bank of Waterloo,* 189 N. Y. 267, 82 N. E. 127; *Thompson v. Fairbanks,* 196 U. S. 516.

[2] Appellants argue that, prior to the 1915 amendment to the statutes of Washington (Laws of 1915, p. 276, ch. 95; §§ 3780, 3790, Rem. Comp. Stat.) re-

lating to chattel mortgages, the taking of possession by the mortgagee would have validated the mortgages, making it impossible for unsecured creditors or their representative to contest the validity of such mortgages, and that the 1915 amendment did not change the pre-existing rule in this state that the gaining of possession of the mortgaged property before any lien attached perfected the lien of the mortgagee, making it then too late for general creditors to question the legal sufficiency thereof; that the only change made by the amendment was to constitute an assignee for the benefit of creditors, designated or taking possession of the mortgaged property prior to the taking of possession by the mortgagee, the representative of all the creditors, whether or not they have any claim or lien.

It may be true, that prior to the amendment of 1915 to the chattel mortgage law, a chattel mortgage which would have been considered invalid as to creditors may have been valid as between the parties. But that question is moot, and it is not useful to discuss it.

These mortgages were all intrinsically void, and not voidable. That has been thoroughly settled in this jurisdiction. *Keyes v. Sabin,* 101 Wash. 618, 172 Pac. 835; *Miller v. Scarbrough,* 108 Wash. 646, 185 Pac. 625; *Tahoma Finance Co. v. Shannon,* 138 Wash. 90, 244 Pac. 271.

Chattel mortgages which are void cannot be validated as to others than the parties to them, by taking possession.

There is a vast difference between void and voidable. "Void" means that an instrument or transaction is so nugatory and ineffectual that nothing can cure it; "voidable," when an imperfection or defect can be cured by the act or confirmation of him who could take advantage of it.

If the contract between the mortgagor and mortgagee fall short of creating a lien, as was clearly the case, the act of taking possession did not enlarge, perfect, or complete it. A mortgagee cannot add to his title by his own act. *Zartman v. First Nat. Bank, supra.*

Where the rule prevails that a chattel mortgage on a shifting stock of goods is void where possession is retained by the mortgagor without provision for accounting, the courts generally hold that possession taken by the mortgagee does not purge the original transaction of its fraudulent character, because a void instrument cannot be the foundation of a valid lien; and that is true, even where the taking of possession by the mortgagee occurred before the bankruptcy of the mortgagor. *Zartman v. First Nat. Bank, supra; Stein v. Munch,* 24 Minn. 390; *Blakeslee v. Rossmann,* 43 Wis. 116; *Schaupp v. Miller,* 206 Fed. 575; *Madson v. Rutten,* 16 N. D. 281, 113 N. W. 872, 13 L. R. A. (N. S.) 554.

[3] It is also well settled in this state, contrary to the contention of appellants, that a trustee in bankruptcy, under the Federal bankruptcy statutes and under the law of this state, may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, and may recover property so transferred, or its value, from the person to whom it was transferred, unless it was a *bona fide* sale to an innocent purchaser for value, prior to the date of bankruptcy adjudication. *Benner v. Scandinavian American Bank,* 73 Wash. 488, 131 Pac. 1149, Ann. Cas. 1914D 702; *Simpson v. Western Hardware & Metal Co.,* 97 Wash. 626, 167 Pac. 113; *Loudenback & Mills v. Bohlke,* 123 Wash. 75, 211 Pac. 891; *United States Fidelity & Guaranty Co. v. Ryan,* 124 Wash. 329, 214 Pac. 433; *Woods v. Metropolitan Nat. Bank,* 126 Wash.

346, 218 Pac. 266; *Idem* (on rehearing), 133 Wash. 700, 234 Pac. 672.

The same rule is established in the Federal courts. *Knapp v. Milwaukee Trust Co.,* 216 U. S. 545, holds, that where a chattel mortgage is void under the law of the state, the trustee in bankruptcy takes the property subject to equities impressed on it while in the bankrupt's hands, and he can attack a pledge which is so void as against creditors that the property could have been levied on and sold under judicial powers against the bankrupt at the time of the adjudication. See, also, *Benedict v. Ratner,* 268 U. S. 353; *Arbury v. Kocher,* 18 Fed. (2d) 588.

There can be no question but that under the Federal bankruptcy laws and decisions and the laws of this state, the judgment of the trial court was correct.

Affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and ASKREN, JJ., concur.