[No. 21193. Department Two. September 4, 1928.]

O. W. SCHULTZ, *as Trustee, Respondent,* v. WESCO OIL COMPANY, *Appellant.*[1]

*Garrecht & Twohy,* for appellant.

*Newton Henton,* for respondent.

BEALS, J.—This is an action instituted by plaintiff as trustee in bankruptcy of one J. H. Hearing, to recover the value of certain merchandise repossessed by defendant from the bankrupt prior to the date of the formal adjudication of bankruptcy.

The facts leading up to the repossession are as follows: In June, 1926, defendant sold to Mr. Hearing, by contract of conditional sale, certain furniture, fixtures, and stock merchandise, the contract being regu-

[1]Reported in 270 Pac. 130.

larly filed in the office of the auditor of the proper county within ten days from its date. Mr. Hearing was placed in possession of the property, and proceeded to sell from the stock of merchandise in the ordinary course of his business. On November 15, 1926, defendant, vendee being in default, repossessed so much of the stock merchandise covered by its conditional sale agreement as was still in the possession of Mr. Hearing, the same being of the value of $980.

On January 19, 1927, Mr. Hearing was adjudged a bankrupt, and shortly thereafter plaintiff qualified as his trustee and commenced this action to recover from defendant the value of the goods repossessed, upon the ground that defendant's act resulted in an unlawful preference in its favor over other creditors of the bankrupt. The defendant demurred generally to plaintiff's complaint, and upon its demurrer being overruled, elected to stand thereon. From a judgment in plaintiff's favor, defendant appeals.

The sole question before the court is whether or not plaintiff's complaint states a cause of action. The memorandum of conditional sale entered into by appellant as vendor and Mr. Hearing as vendee provides that the property covered thereby shall remain the absolute property of appellant until full and complete payment of the purchase price therefor; and referring to the merchandise covered thereby which was to constitute a portion of vendee's stock in trade, contains the following language:

"(6) . . . and while said vendee shall have the right to make sales from the stock on hand from time to time, he shall replace any goods sold with similar goods of substantially the same value and shall at all times maintain the stock of goods at substantially the same value at which it now stands."

The memorandum contains the usual clause empowering the vendor to take possession of the property

upon vendee's making default in the payments due thereunder, but contains no provision that the vendee must account to the vendor for the particular items covered by said conditional sale agreement as he should sell the same out of his stock, or that he should pay to vendor any proportion of the money which he should receive for such articles. There is no controversy between the parties over the repossession of any of the furniture or fixtures covered by the conditional sale; the only contention arising over the taking of the goods which were sold to constitute a portion of the vendee's stock in trade, from which he was to sell without any accounting to appellant.

Appellant contends that, as the vendee was under the duty of at all times maintaining the value of his stock of merchandise and of replacing such articles as he should sell "with similar goods of substantially the same value," the appellant's reservation of title to the stock of merchandise constituted a valid provision of the conditional sale, and that appellant's repossession of so much of the merchandise which it had delivered to Mr. Hearing as remained unsold was lawful.

Respondent contends that, as the contract of conditional sale covered merchandise sold to become part of a shifting stock of goods, and contained no provision to the effect that the proceeds of the goods sold should belong to the vendor, or any agreement on the part of the vendee to pay to the vendor any fixed proportion of the money received for the goods as sold, the reservation of title to the merchandise delivered was illegal; that absolute title thereto passed to the vendee by the conditional sale; that appellant's seizure of the goods was unlawful, and that appellant is responsible to respondent for the value thereof.

This precise question has never been decided by this

court, and an examination of the authorities discloses that there are in this country two distinct lines of authority, one holding such a provision as is here in controversy good; and the other holding that, under such an instrument as the one before us, title to the stock of merchandise passes to the vendee, and that the vendor cannot repossess the merchandise so sold and hold the same against the vendee's creditors.

Appellant relies upon the case of *State Bank of Connell v. John Deere Plow Co.*, 123 Wash. 167, 212 Pac. 148. In this case, the plaintiff claimed an interest in certain merchandise under a chattel mortgage given by one Lane, a hardware merchant, which chattel mortgage was regularly and timely filed in the office of the auditor of the appropriate county. A portion of the property purported to be covered by this chattel mortgage consisted of eight wagons in a knocked-down condition which had been sold to Lane by the defendant to be by him placed in his stock of merchandise for the purpose of resale. The defendant had sold these wagons to Lane by a conditional sale agreement which was not filed in the auditor's office within ten days from the date of the delivery of the property to Lane. Plaintiff was not aware of the conditional sale agreement, and foreclosed its chattel mortgage, selling all the property, except the eight wagons, which, subsequent to the execution of the mortgage and prior to sale of the property under foreclosure thereof, were surrendered by Lane to defendant. Thereafter Lane was adjudicated a bankrupt and plaintiff brought suit to recover from the defendant the eight wagons, or the value thereof.

It was held that, granting the conditional sale contract between the defendant and Lane was void as against creditors, yet the same was valid as between Lane and defendant, and that plaintiff's chattel mort-

gage was inoperative as against the eight wagons, it being a chattel mortgage on a shifting stock of merchandise, and was therefore void as to creditors because the mortgagor was left in possession of the mortgaged property with power to sell and no obligation to account for the proceeds of sales made from the mortgaged stock of goods. This court, under the authority of *Keyes v. Sabin,* 101 Wash. 618, 172 Pac. 835, and *Miller v. Scarbrough,* 108 Wash. 646, 185 Pac. 625, upheld the right of the defendant to hold the eight wagons by virtue of its conditional sale and the possession taken thereunder.

All that was determined in that case was that, under an unrecorded conditional sale contract, when the property had been voluntarily surrendered by the vendee in such contract to the vendor, the vendor could maintain title thereto against a chattel mortgagee whose chattel mortgage, subsequent in time to the conditional sale, was void as to creditors because the mortgagor was left in possession of the mortgaged property which consisted of a stock of merchandise, with power to sell therefrom in the ordinary course of trade, without any agreement to account to the mortgagee or apply the proceeds or any part thereof to the satisfaction of the debt secured by the mortgage. We having, in the cases hereinabove referred to, held that such a chattel mortgage was void, it followed that the mortgagee therein named could not maintain foreclosure thereof as against the vendor named in the conditional sale agreement, even though the latter instrument was void as to creditors because not recorded within the required time, the vendor in such conditional sale having, with the consent of the vendee, taken possession of the property prior to seizure thereof in a suit brought to foreclose the chattel mortgage.

Appellant cites many other authorities as to the

validity of such a contract of conditional sale as is the subject-matter of this action. In most of the cases cited it is noted that the conditional sale agreement provides either that the proceeds of the conditionally sold property, as the same should be disposed of from the stock to augment which the same was sold, should belong to the vendor, or that the vendee should account to the vendor for the property sold or pay to the vendor some specified proportion of the money received therefor, to apply on account of the purchase price of the property. In our opinion, such provisions in a conditional sale contract make a very different case from that which is presented here, where there is no obligation upon the vendee to account for the property or pay any proportion of the money to be received therefor to the vendor.

Many jurisdictions have held that conditional sale contracts are ineffective to reserve title in the vendor to the goods sold where the vendee is a storekeeper and has the power to sell the goods conditionally sold in the usual course of his business, unless there be some stipulation in the contract to the effect that the proceeds of sales of the merchandise covered thereby shall belong to the vendor, or that such proceeds, either in whole or in part, be applied on the purchase price; the cases holding that, in construing such contracts as contain no agreement requiring the vendee to account in some manner to the vendor for the proceeds of sales of the merchandise conditionally sold, the reservation of title will be held void. 4 Remington on Bankruptcy, § 1606. The following authorities are also in point on this question: *In re Garcewich,* 115 Fed. 87; *Pontiac Buggy Co. v. Skinner,* 158 Fed. 858; *John Deere Plow Co. v. Mowry,* 222 Fed. 1; *Taylor v. Fram,* 252 Fed. 465; *In re United States Electrical Supply Co.,* 2 Fed. (2d) 378.

The distinction between such contracts and a transaction where the delivery is a *bona fide* consignment (with power to sell) and not a sale either absolute or conditional, is clearly pointed out in 4 Remington on Bankruptcy, § 1599 (pp. 357-8) and § 1606 (p. 377).

This court has held that blanket chattel mortgages which contain provisions similar to the provision above quoted from the conditional sale agreement, now before us, are, generally speaking, void as against creditors of the mortgagor. *Miller v. Scarbrough, supra; Warner v. Hibler,* 146 Wash. 651, 264 Pac. 423. While these decisions are not controlling in construing a contract of conditional sale, we believe that the reasoning upon which the same were based is equally applicable to such a contract and should be followed in this case.

In the case of *Northwest Hardware Co. v. M. & S. Logging Co.,* 132 Wash. 413, 232 Pac. 274, we held that an agreement to sell certain standing timber, to be paid for at a certain rate per thousand feet on the tenth day of each month for timber removed during the preceding month, and which provided that the title to the timber cut or uncut and all products thereof should remain in the vendor until the purchase price therefor should be paid, vested absolute title to the logs, when cut, in the vendee named in the contract, as the vendee had the right under the contract to sell the logs to whom it pleased and was not required to account to the vendor for the money it received therefor.

We believe it to be the better doctrine that a contract of conditional sale, such as is here presented, covering goods sold to be placed in a stock of merchandise and sold to the public at large, which contains no reservation of title to the proceeds of the goods sold nor any agreement on the part of the vendee to account for the several items as sold, or pay to the vendor any specified proportion of the money received for such goods,

is void as against general creditors of the vendee in so far as it purports to reserve title to the property sold in the vendor.

Appellant contends that, even though this court should hold the conditional sale contract here presented void as against creditors, the same was good as between the parties; and that, as the appellant in this action had repossessed the merchandise prior to the bankruptcy, respondent cannot maintain this action. This contention cannot be maintained in view of the opinion of this court in the case of *Warner v. Hibler, supra,* in which a trustee in bankruptcy was held entitled to recover from a chattel mortgagee the value of merchandise turned over to him by the bankrupt prior to the adjudication in bankruptcy.

As to the cases of *In re Johnson,* 282 Fed. 273, and *Finance & Guaranty Co. v. Oppenhimer,* 276 U. S. 10, decided January 23, 1928, by the supreme court of the United States, it is sufficient to say that these cases construe state statutes different from ours, and are not authority in the case at bar.

The judgment appealed from is affirmed.

FULLERTON, C. J., ASKREN, MAIN, and HOLCOMB, JJ., concur.