ESTATE OF JAMES F. WATERS, DECEASED, BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, A NATIONAL BANKING ASSOCIATION, AS ADMINISTRATOR OF THE ESTATE OF JAMES F. WATERS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2191.    Promulgated March 6, 1944.

*Everett S. Layman, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

408

OPINION.

ARUNDELL, *Judge*: At the time of decedent's death he and his wife were residents of California and were the owners of certain property acquired subsequent to July 29, 1927, which property was held by them under the community property laws of California.

Section 161 (a) of the Civil Code of California, which became effective on July 29, 1927, provides that "The respective interest of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband * * *." The ownership of the wife in community property acquired subsequent to the effective date of section 161 (a) has been held sufficient to exclude such property from the gross estate of the husband upon his death, *United States* v. *Goodyear*, 99 Fed. (2d) 523; and the income from community property acquired after the effective date has been held to be taxable one-half to the husband and one-half to the wife. *United States* v. *Malcolm*, 282 U. S. 792.

Section 202 of the California Probate Code subjects all community property passing from the control of the husband, by his death or otherwise, to administration, to his debts, and certain other charges. The income from the entire community property during the period of administration goes to the executor or administrator. Sec. 581, Probate Code of California.[1]

The Circuit Court of Appeals for the Ninth Circuit held in 1940 that upon the death of the husband the income from California community property acquired *prior* to 1927 was taxable entirely to the estate of the husband, because the entire community property was

---

[1] 581 – The executor or administrator is entitled to the possession of all the real and personal property of the decedent, and to receive the rents, issues and profits thereof until the estate is settled or until delivered over by order of the court to the heirs, devisees or legatees. * * *

subject to administration under the probate laws of California. The contention of the estate that one-half of the income was taxable to the widow was rejected. *Rosenberg* v. *Commissioner*, 115 Fed. (2d) 910.

Two years later the same court considered a Washington statute substantially similar to this amended California statute, and concluded that because the entire estate was subject to administration in the estate of the deceased husband, the income was "owned" by the executor or administrator and should be returned in its entirety by him. *Commissioner* v. *Larson*, 131 Fed. (2d) 85.

Prior to these decisions by the Ninth Circuit Court of Appeals respondent was guided by G. C. M. 20,472 (C. B. 1938-2, p. 158), issued in 1938, wherein it was held that the income from community property was reportable one-half by the administrator and one-half by the surviving spouse. In August 1943 G. C. M. 23,811 revoked G. C. M. 20,472 and, relying on *Larson, supra,* and *Rosenberg, supra,* held that the entire income from community funds was reportable by the administrator. In the closing sentence of the General Counsel's memorandum it was held that the entire community property in the hands of the administrator would take as its basis its fair market value at the date of the husband's death for the purpose of determining gain or loss upon a subsequent sale thereof by the administrator. Respondent takes the same position in the present proceedings.

We have already pointed out that section 202 of the Probate Code of California serves to give to the executor or administrator substantially the same control over community property and the income therefrom that was exercised by the husband during his lifetime. It is significant, however, that under section 201 [2] of the probate code one-half of the community property does not go to the wife upon her husband's death, but belongs to her. She does not take as an heir, legatee, or devisee, *In re Brown's Estate*, 129 Pac. (2d) 713; but by the plain words of the statute ownership of the property itself remains in the widow at all times.

With these considerations in mind, we now turn to section 113 (a) of the Internal Revenue Code, wherein it is set forth that the basis of property for the purpose of determining gain or loss shall be its cost, except in certain specified instances. It is on authority of the exception numbered (5) that the Commissioner now seeks to sustain the deficiency. This exception reads as follows:

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired * * * by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition * * *

[2] Probate Code – 201 – Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of sections 202 and 203 of this Code.

The question thus put is whether the widow's half of the community property "was acquired by the decedent's estate from the decedent."

As we have already pointed out, the wife had a present, existing and equal interest in the property with her husband, and upon the death of the husband the wife's share does not pass as a part of his estate, but immediately belongs to her. Thus, it seems clear that her property could not be "acquired by the decedent's estate from the decedent." Therefore, upon disposition of community property by the administrator of the deceased husband's estate, the proper basis for gain or loss of the widow's undivided one-half share is cost (adjusted) to the community.

Nothing in the *Rosenberg* and *Larson* cases contradicts this holding. In those cases it was held that the ownership of the *income* was in the executor or administrator because of his control over the income. While control of the widow's share of the income may be sufficient to render the estate taxable, certainly it does not evidence such a transfer of ownership as to necessitate assignment of a new basis.

The basis for depreciation is the same as the adjusted basis for determining gain or loss. (Sec. 114 (a).) Therefore, the above holding is dispositive of this issue.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

OPPER, *J.*, concurring : This case brings to light another of the many difficult paradoxes consequent upon the attempt to refashion conventional rules of tax law to fit eccentric community property relationships. As I understand it, the Tax Court holds that only half of the property involved was ever acquired by the estate. Nevertheless, it permits that taxpayer to deduct depreciation and losses in full and thus to obtain the tax benefit of deductions for an economic detriment which it can not suffer and with respect to property which it does not own.

Inferentially, the logical result will be to deny those deductions to the widow, notwithstanding that they may represent a loss to her, with respect to her property. Depreciation, like other losses, is a perquisite of the owner of property accorded for the purpose of compensating him. It does not inure to the benefit of a taxpayer who may lose nothing. *Weiss* v. *Weiner*, 279 U. S. 333. And, unlike *Commissioner* v. *Larson*, this proceeding deals with a California statute which grants to the executor only possession of the community property, as distinguished from Washington, where "title to the personal property vests in the executor or administrator."

If the conclusions so indicated are sound, the issues decided by the prevailing opinion might never arise. For the basis to the estate of

property which still belongs to the widow would be meaningless doubletalk. However, I am in accord with the result reached because, as the case is presented by the parties, these questions are not even suggested; and I think a taxpayer is entitled to be put on notice of an adverse position it will be called upon to meet. See *Helvering* v. *Wood*, 309 U. S. 344.