STELLA WHEELER BISHOP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4594. Promulgated January 16, 1945.

*Robert H. Walker, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

590

## OPINION.

ARUNDELL, *Judge*: The basic issue in this case presents a clear-cut question whether one-half of the loss upon the sale of community property acquired since 1927 in California while the estate of the husband is in the process of administration can be taken as a deduction by the surviving spouse.

While the precise question presented for decision has not been directly decided by the Ninth Circuit Court of Appeals, we think that the court's decision in *Commissioner* v. *Larson*, 131 Fed. (2d) 85, would require an answer contrary to petitioner's contention. In that case the court had under consideration a Washington statute sub-

stantially similar to the California statute here involved and in its opinion reached the conclusion that, because the entire estate was subject to administration in the estate of the deceased husband, the income was "owned" by the executor or administrator and should be returned in its entirety by him. The same question was implicit in this Court's decision in the *Estate of James F. Waters*, 3 T. C. 407, though the question was not there directly decided.

We have always felt particularly impelled to strictly follow a Circuit Court's decision on questions of local law peculiarly within its knowledge and experience. *Helvering* v. *Stuart*, 317 U. S. 154. As we understand *Commissioner* v. *Larson, supra*, and *Rosenberg* v. *Commissioner*, 115 Fed. (2d) 910, which latter case was also decided by the Ninth Circuit, the income from community property during the period of administration is taxable in its entirety to the executor or administrator and one-half of it may not be returned by the surviving spouse.

It follows that the entire loss resulting from the sale of securities by the executor must be taken as a deduction by the latter and one-half of the loss may not be deducted by the surviving spouse in computing her tax. The same treatment must be accorded the expenses and taxes paid by the executor, which requires their deduction in full by the executor and no part of them may be deducted by the petitioner.

In another issue the petitioner asks to be relieved from including in her income one-half of the fee received by her as executrix of her husband's estate. We see no merit in her contention. The fee was paid to her for personal services rendered in her personal capacity as a fiduciary. We may assume that the amount of the fee was fixed by the probate court as proper compensation for such services performed in connection with the settlement of the Roy N. Bishop estate and that the action of the court was completely in accord with the significance and effect of the community property laws of California. Petitioner has not proved the fee to be in part excludible from her income. Therefore, the full amount of the fee must be included in her taxable income.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

VAN FOSSAN, *J.*, dissenting: The majority opinion concedes that the precise question here posed has not been decided by either the Circuit Court of Appeals for the Ninth Circuit or by the Tax Court, but nevertheless feels bound by the rationale of *Commissioner* v. *Larson*, 131 Fed. (2d) 85, and *Estate of James F. Waters*, 3 T. C. 407. Feeling that these cases are not authority for the conclusion reached by the majority, I must dissent. I shall set out my views at some length.

It may be helpful to place the situation existing in California before 1927 and that obtaining after that date in juxtaposition. Prior to

1927, during the lifetime of the husband the wife had only an expectancy in community property. Thereafter, "the respective interests of husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband." (Sec. 161a, Civil Code of California.[1]) Prior to 1927 all income from community property was taxable to the husband. *United States* v. *Robbins*, 269 U. S. 315. Thereafter, the wife was entitled to return for taxation one-half of the income from the community property. *United States* v. *Malcolm*, 282 U. S. 792. Prior to 1923 section 1402, Civil Code of California, provided, "upon the death of the husband one-half of the community property *goes* to the surviving wife, and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition, goes to his descendants * * *." Since 1923 the statutes of California have provided, "upon the death of either husband or wife, one-half of the community property *belongs* to the surviving spouse; the other half is subject to the testamentary disposition of the decedent * * *."[2] (Italics supplied.)

If anything is basic in income tax law, it is that ownership of property determines the taxability of income earned by, or derived from, it. *Blair* v. *Commissioner*, 300 U. S. 5; *Helvering* v. *Clifford*, 309 U. S. 331. See *Poe* v. *Seaborn*, 182 U. S. 101, where the Supreme Court held that a husband's power of control over community property under Washington law does not amount to ownership of the entire community property, stating, "the law's investiture of the husband with broad powers by no means negatives the wife's present interest as a co-owner," and departing from the alternative reasoning employed in *United States* v. *Robbins*, *supra*. The Court laid down the proposition that the word "of" in the phrase "the net income of every individual" denotes ownership and that ownership is the test of taxability.

Since 1927 the interests of husband and wife in community property in California have been "present, existing and equal." Each owns one-half and is entitled to return one-half of the income. *United States* v. *Malcolm*, *supra*. Since 1923 it has been the law of California, as provided by section 201 of the Probate Code, that

---

[1] The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in the community property.

[2] Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of sections 202 and 203 of this code. [Sec. 201, Probate Code of California.]

"upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse." These are words of ownership, definite, certain, and absolute. The share of the surviving spouse is not includible in the taxable estate of the decedent. *United States* v. *Goodyear*, 99 Fed. (2d) 523. The logic of the situation would seem to be irresistible. If, because of ownership of the property, and notwithstanding control of the same by the husband, each spouse is entitled to return one-half of the income therefrom during the existence of the marriage relationship, and since by the statute the surviving widow owns one-half of the community property after the death of her husband and notwithstanding the control by the executor during administration such one-half is exempted from estate tax, she should be entitled to return as her own the income from such property during administration.

In *Commissioner* v. *Larson*, 131 Fed. (2d) 85, the case chiefly relied on by the majority, arising in the State of Washington, the income from community property during the administration was involved. There the court said:

> We think the test of ownership is applicable here. In determining who the owner of the income is, state law is apparently applicable. We therefore turn to state law to determine whether the executor alone, or the executor and the surviving spouse together, own the community income.

> Pierce's Code, 1933, § 9863, provides that title to realty vests immediately in the heirs or devisees who are entitled to the rents, issues and profits thereof as against "any person except the executor or administrator and those lawfully claiming under such executor, or administrator". By § 9885 the executor or administrator is entitled to institute suit to collect any debts due the estate or to recover any property, real or personal. It has been repeatedly said that upon the death of either spouse, the entire community estate, and not merely the half interest of decedent, is subject to administration. In addition, title to the personal property vests in the executor or administrator. *Devereaux* v. *Anderson*, 146 Wash. 651, 264 P. 423, 424.

The court then held that under the provisions of Washington statutes the ownership of the income from community property during administration and liquidation was in the executor or administrator and that he should report the income in the return of the estate. Although the decision was adverse because of state law, the reasoning of the opinion clearly supports the conclusion that ownership is the controlling factor.

Under the statutes of California the surviving spouse acquired the ownership of one-half of the community property at the time of purchase (sec. 161a, Civil Code of California) and continued to own that interest after the death of the other spouse (sec. 201, Probate Code), thus presenting a very different situation.

*Estate of James F. Waters*, 3 T. C. 407, is not inconsistent with this view.[3] There the estate returned all of the income. In the notice of deficiency the Commissioner, obviously relying on G. C. M. 20742, then in effect, divided the income one-half to the estate and one-half to the widow, but held that the basis for gain on the widow's one-half of the property was the fair market value at date of death and not cost to the community, as claimed by the taxpayer. At the hearing, again obviously relying on G. C. M. 23811, which had revoked G. C. M. 20742, counsel for the Commissioner reversed his position, abandoned his contention that the income should be returned one-half by each the estate and the widow, and embraced the theory of the tax return, i. e., that the estate should return all of the income. The parties were thus in agreement that a single return by the estate should be made and posed for our decision only the narrow question of the basis of the property belonging to the widow.

Viewing the agreed posture of the parties as presenting no issue, we decided that as to the widow's share the basis was the cost to the community, as adjusted, and not the market value at the time of the husband's death. A word of warning was uttered as to possible implications of the opinion by Judge Opper in a concurring opinion, but, being in agreement with the result reached on the narrow question presented, he did not dissent. When the narrowness of the issue is remembered and the posture of the parties is appreciated, the conclusion reached is thought to support, rather than oppose, the view I take in the case at bar. In both the prevailing and concurring opinions the controlling thought is the ownership of the property.

Two other cases are relied on by the respondent. They are *Rosenberg* v. *Commissioner*, 115 Fed. (2d) 910, and *Barbour* v. *Commissioner*, 89 Fed. (2d) 434.

The *Rosenberg* case dealt exclusively with the rights of the surviving spouse in California community property acquired prior to 1927, when the wife had a mere expectancy, and does not purport to decide the question presently before us.

The *Barbour* case arose in Texas, where the state law (art. 3630, Revised Civil Statutes of Texas, 1925) provides that "until such partition is applied for and made, the executor or administrator of

---

[3] Section 581, Probate Code of California, was cited (in error, I believe) to support the dictum in the *Waters* case that "the income from the entire community property during the period of administration goes to the executor or administrator." The statute reads: "The executor or administrator is entitled to the possession of all of the real and personal property of the *decedent* and to receive the rents, issues and profits thereof until the estate is settled or until delivered over by order of the court to the heirs, devisees, or legatees * * *." The section obviously relates only to the property of the decedent and does not include the community property owned by the other spouse. Section 202, Probate Code, provides: "Community property passing from the control of the husband either by reason of his death or by virtue of testamentary disposition by the wife is subject to his debts and to administration and disposal under the provisions of Divison III of this Code; * * *."

the deceased shall recover possession of all such common property and hold the same in trust for the benefit of the creditors and others entitled thereto." The California law contains no such provision but, as above pointed out, by section 201, Probate Code of California, decrees that upon the husband's death one-half of the community *"belongs to the surviving spouse."* (Italics supplied.)

The law of California confirms in the surviving spouse the ownership of one-half of the community property. I am of the opinion that such ownership entitles her to report one-half of the income of such community property. It follows that the petitioner should be entitled to deduct from her gross income one-half of the loss sustained on the sale of the community property securities during the period of administration.

MELLOTT, ARNOLD, DISNEY, and OPPER, *JJ.*, agree with this dissent.