Estate of Catherine Cox Blackburn, E. A. Blackburn, Administrator, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 15624.   Promulgated October 14, 1948.

*Whitfield H. Marshall, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

OPINION.

Murdock, *Judge*: The Commissioner determined deficiencies in income tax of $2,270.79 for the period September 8 to December 31, 1944, and $27,960.01 for the calendar year 1945 against the estate of Catherine Cox Blackburn. The petitioner assigns as error the action

of the Commissioner (1) in determining that all instead of only one-half of the income from the whole community property was income of the estate during the period of administration, and (2) in disallowing a deduction of $1,500 for the short period and a deduction of $9,000 for the calendar year 1945, representing salary paid by the estate to E. A. Blackburn for managing a business which belonged to the community. The facts have been presented in a stipulation.

Catherine Cox Blackburn, the decedent, died on September 7, 1944. All of the property owned by her and her husband, E. A. Blackburn, was held in community under the laws of Texas. The value of the decedent's one-half interest in the community estate was $127,649.70, and the amount of the debts of the community at the date of her death was $36,731.54. Income tax returns for the estate for the periods here in controversy were filed with the collector of internal revenue for the first district of Texas. The estate was in the process of administration at all times material hereto. There is no evidence of any payment or crediting of income from the community property. One-half of the net income from the entire community property was reported as income of the estate. The Commissioner, in determining the deficiency, held that the entire income from the community property during the period of administration is taxable to the petitioner-estate.

The first question is whether all or only one-half of the income from the whole community property was taxable to the estate of the decedent during the period of administration of her estate under section 161 (a) (3). There is no question of any deduction under section 162 (c). The Board of Tax Appeals had never held prior to 1937 that the entire income from all of the community property was taxable to the estate of the deceased spouse during the period of administration, but had held that the surviving spouse was still taxable on one-half of the income from the community property. That was true whether the husband and wife had been residents of Texas or Louisiana. *Ida Stephenson*, 33 B. T. A. 252; *Bellagie I. Newman*, 37 B. T. A. 72. The Board followed the *Stephenson* case in a memorandum opinion in the case of *Jennie Hobbs Barbour*. The Circuit Court of Appeals for the Fifth Circuit reversed in 1937 (see *Barbour* v. *Commissioner*, 89 Fed. (2d) 474), pointing out that the entire Texas community property is subject to the exclusive jurisdiction of the probate court and belongs entirely to the estate of the deceased spouse for the payment of debts and for administration purposes during the period of administration. The court held in the *Barbour* case that income received by the fiduciary while administering the entire community property is not received by or taxable to the surviving member of the community, but must all be returned as income of the estate by the fiduciary. The Board of Tax Appeals, recognizing that the Circuit Court of Appeals for the Fifth Circuit spoke with peculiar authority on community

property questions coming from Texas, thereafter followed the decision of that court in the *Barbour* case and cited it with approval. *Estate of Lucile Gruy*, 42 B. T. A. 1279; *Rose B. Larson*, 44 B. T. A. 1094, involving Washington community property; affd., 131 Fed. (2d) 85, *Katherine Schuhmacher*, 8 T. C. 453. Cf. *Rosenberg* v. *Commissioner*, 115 Fed. (2d) 910, and *Stella Wheeler Bishop*, 4 T. C. 588; reversed, 152 Fed. (2d) 389, both involving California community property.

The present petitioner argues that the *Barbour* decision should not be followed now because the Circuit Court of Appeals for the Fifth Circuit subsequently overruled the *Barbour* case in *Henderson's Estate* v. *Commissioner*, 155 Fed. (2d) 310. The *Henderson* case involved Louisiana community property and the opinion did not mention or purport to overrule the *Barbour* decision. The present case is not distinguishable from the *Barbour* case, as urged by the petitioner, on the ground that it involves a question of taxes of a surviving spouse rather than of the estate, or that the wife is the decedent here while the husband was the decedent in the *Barbour* case. This Court, having been reversed and thereafter having followed the *Barbour* case in others involving Texas community property, will continue to follow it unless the Circuit Court of Appeals for the Fifth Circuit clearly indicates a change in its views.

The principal property owned by the community was an unincorporated business known as Cox & Blackburn, Frigidaire distributor in Houston, which was wholly owned by the community and was operated and managed by the husband, E. A. Blackburn. The husband was appointed administrator with the will annexed of the decedent's estate. The will left her entire estate to her husband. The husband qualified as administrator on January 16, 1945. He immediately filed an application in the probate court for authority to continue the business of Cox & Blackburn. The court granted the authority on January 18, 1945.

The husband operated the business of Cox & Blackburn during the periods here involved without further order of the probate court. He regularly drew $500 per month from that business prior to his wife's death, but from October 1 to the end of 1944 he drew $1,000 per month, and during the year 1945 he drew $15,000. Such withdrawals were given no effect in the computation of net income of the husband and wife prior to 1945, but one-half of the withdrawals for 1945 was treated as salary paid by the estate of the wife and a deduction therefor was claimed on the return. The amount was included in the taxable income of the husband. The withdrawals were made and were treated as salary paid by the administrator to himself, individually, without specific direction either in the will or by the probate court.

The Commissioner, in determining the deficiencies, disallowed $1,500 for the short period and $9,000 for the calendar year 1945 which he described as "excessive salary" and explained that "the increased salary * * * is deemed unallowable since the court had not authorized such increase."

Apparently the result was to allow the petitioner to deduct the salary of $6,000 which Blackburn had been taking in the past and to disallow the increase. The petitioner devotes but a paragraph in its original brief to this issue, in which it argues that the probate court authorized generally the carrying on of a business and the withdrawals were fair and reasonable, considering the size of the business and the time and effort devoted to it. The respondent points out that there was no specific authorization for salaries in these particular amounts by any order of the court, but concedes that ordinary and necessary expenses of the business, including reasonable compensation for services rendered, would be proper deductions. The petitioner devotes a little more space to this issue in its reply brief, but most of it is used merely to complain that the respondent should not be allowed to raise the question of the reasonableness of the salaries in view of the explanation given in his determination. The propriety of the deduction was in issue and the petitioner had the entire burden of proof to show that it was proper. The evidence fails to show error in the action of the Commissioner in this connection.

*Decision will be entered for the respondent.*